No. 44,195

HARRY ROBERTS, JR., *Appellant,* v. STATE OF KANSAS, *Appellee.*

(421 P. 2d 48)

Opinion filed December 10, 1966.

*Larry Kirby,* of Wichita, argued the cause, and was on the brief for the appellant.

*R. K. Hollingsworth,* deputy county attorney, argued the cause, and *Robert C. Londerholm,* attorney general, and *Keith Sanborn,* county attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

O'CONNOR, J.: This K. S. A. 60-1507 proceeding was instituted by the appellant (hereinafter referred to as the petitioner) in Sedgwick county district court. From the court's order denying his motion, the petitioner has appealed.

The primary question presented is whether or not in a criminal prosecution wherein the original sentence of imprisonment has been

vacated and set aside because of its being in excess of that authorized by statute, must the defendant be personally present in court at the time the new sentence of imprisonment is imposed. We are not aware this precise point has been passed on in this jurisdiction.

The facts giving rise to this appeal are as follows: On November 27, 1963, petitioner, while represented by retained counsel, pleaded guilty to the charges of burglary in the third degree (G. S. 1949, 21-521, now K. S. A. 21-521) and grand larceny (G. S. 1949, 21-524, now K. S. A. 21-524) and was sentenced to the state penitentiary for a term of not less than five nor more than ten years for the crime of burglary, and not less than one year nor more than five years for the larceny offense, said sentences to run concurrently.

After petitioner's incarceration in the penitentiary his retained counsel and the deputy county attorney appeared before the district court on December 26, 1963, for the purpose of correcting the erroneous sentence previously imposed for third degree burglary. The original sentences were set aside and new, concurrent sentences of not less than one year nor more than five years, pursuant to G. S. 1949, 21-523 (now K. S. A. 21-523) and G. S. 1949, 21-524 (now K. S. A. 21-524), were imposed on each charge.

On July 23, 1964, petitioner, *pro se*, filed his 1507 motion challenging the validity of the new sentences for the principal reason he was not personally present in court at the time of resentencing. The motion was denied by the district court on December 4, 1964, without a plenary hearing. Appeal was perfected from this ruling, and present counsel was appointed.

This is not a case wherein the original journal entry of sentence, because of mere formal or clerical errors or omissions, was subject to correction by a *nunc pro tunc* order in the absence of the defendant. (*Kiser v. State,* 196 Kan. 736, 413 P. 2d 1002; *State v. Moses,* 190 Kan. 485, 376 P. 2d 804, cert. den. 368 U. S. 863, 7 L. Ed. 2d 61, 82 S. Ct. 110; *Ramsey v. Hand,* 185 Kan. 350, 343 P. 2d 225, cert. den. 362 U. S. 970, 4 L. Ed. 2d 901, 80 S. Ct. 956.)

The necessity for the defendant's presence at the time of sentence received the attention of this court in the early case of *State v. Baxter,* 41 Kan. 516, 21 Pac. 650. There, the defendant was convicted of a misdemeanor and sentenced to pay a fine and costs. On the following day, in the defendant's absence, the court entered an order that he stand committed until the fine and costs were paid. The defendant, citing what is now K. S. A. 62-1507, contended his

absence at the time the commitment order was made rendered the judgment invalid. In holding there was no prejudicial error, the court noted that the order did not affect or change the sentence originally imposed as punishment for the offense of which the defendant was convicted, and stated:

". . . The general rule, independent of statute, is that in all cases where corporal punishment is inflicted, the defendant must be present in court when the sentence is pronounced; and his presence is equally necessary when any modification of such a sentence is made. . . ." (p. 517.)

Pertinent statutes dealing with the presence of a defendant at the time judgment is rendered after conviction are: K. S. A. 62-1507, which provides in part:

"For the purpose of *judgment,* if the conviction be for an offense punishable by imprisonment, the defendant must be personally present; . . ." (Emphasis added.)

and K. S. A. 62-1510, which states:

"When the defendant appears for *judgment,* he must be informed by the court of the verdict of the jury, and ask whether he have any legal cause to show why judgment should not be pronounced against him." (Emphasis added.)

and K. S. A. 62-1511, which provides:

"If no sufficient cause be alleged or appear to the court why *judgment* should not be pronounced, it shall thereupon be rendered." (Emphasis added.)

Ordinarily, in a legal sense, "sentence" is synonymous with "judgment" and denotes the action of a court of criminal jurisdiction formally declaring to the defendant the legal consequences of the guilt which he has confessed or of which he has been convicted. (*State v. Woodbury,* 133 Kan. 1, 298 Pac. 794; *Kennedy v. Reid,* 249 F. 2d 492 [D. C. Cir. 1957]; *Sweet v. Taylor,* 178 F. Supp. 456 [D. C. Kan. 1959]; *State v. Fedder,* 1 Utah 2d 117, 262 P. 2d 753; 21 Am. Jur. 2d, Criminal Law § 525; 24 C. J. S., Criminal Law § 1556.)

Therefore, we are of the opinion the provisions of the foregoing statutes contemplate that the pronouncement of sentence is the "judgment" of the court in a criminal proceeding, and if the conviction be for an offense punishable by imprisonment, it is mandatory that the defendant be personally present at the time sentence is pronounced.

The requirement that the defendant be present at pronouncement of sentence has been generally held to extend to a modification thereof as well as when the original sentence is vacated and a new

sentence pronounced. (24 C. J. S., Criminal Law § 1591; 21 Am. Jur. 2d, Criminal Law § 307.)

Although what was said in *Baxter* regarding the necessity of a defendant being present for modification of sentence may be *dictum*, we believe the statement to be a sound principle of law, well within the purview of K. S. A. 62-1507, and in accord with respectable authority.

In *Williamson v. United States*, 265 F. 2d 236 (5th Cir. 1959), the Circuit Court of Appeals held that the district court erred in resentencing the defendant without his being present. The court, in its opinion, stated:

". . . Where a person convicted of a criminal offense or offenses is to be resentenced, as was the case here, the presence of the defendant is as necessary as it was at the time of the original sentence. (Citing cases.)" (p. 239.)

The same view was expressed by the Supreme Court of Appeals of West Virginia in *Boner v. Boles, Warden*, 148 W. Va. 802, 137 S. E. 2d 418, where it said:

". . . it is clear that in a prosecution for a felony . . . a subsequent judgment resentencing the defendant to imprisonment after the imposition of a prior void judgment of imprisonment, must be rendered while the defendant is personally present in court and . . . any judgment of imprisonment rendered in such proceeding in the absence of the defendant is a void judgment." (p. 812.)

In light of the foregoing, we hold that in a criminal prosecution where an erroneous original sentence of imprisonment has been vacated and set aside, a new sentence imposed in the defendant's absence is void, for, under such circumstances, it is mandatory that the defendant be personally present in court at the time of resentencing. Hence, the judgment of sentence imposed by the district court on December 26, 1963, in petitioner's absence was void.

In this state a void sentence may be corrected by the substitution of a new and valid sentence, and to accomplish such purpose, a prisoner shall be remanded to the district court for further proceedings. (*Bridges v. State*, 197 Kan. 704, 421 P. 2d 45; *Johnson v. Hand*, 189 Kan. 103, 367 P. 2d 70.)

This opinion need not be extended to discuss unmeritorious matters raised by the petitioner *pro se* relating only to his conviction.

The judgment is reversed and the district court is directed to recall the petitioner for resentencing in accordance with the views expressed in this opinion.