(633 P.2d 1178)
No. 52,503

STATE OF KANSAS, *Appellee,* v. JAY D. LOTTMAN, *Appellant.*

Opinion filed October 2, 1981.

*J. Douglas Miller,* of McKinley & Miller, of Liberal, for the appellant.

*Robert M. Miles,* county attorney, and *Robert T. Stephan,* attorney general, for the appellee.

Before FOTH, C.J., ABBOTT and PARKS, JJ.

FOTH, C.J.: Defendant appeals from a conviction by a jury of involuntary manslaughter. The threshold issue is whether we have jurisdiction. That issue is one we are compelled to raise on our own motion. See 2 West's Kansas Digest, Appeal & Error § 23 (and 1981 Supp.).

The jury's verdict in this case was returned on June 26, 1980, and the case was continued to August 15, 1980, for sentencing. On the latter date the court overruled defendant's motion for discharge but granted his "Motion to Suspend Imposition of Sentence pending Appeal." The decretal paragraph of the Journal Entry recites:

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the Court that sentencing in this matter is suspended pending Appeal by the Defendant of the jury conviction on Involuntary Manslaughter, in violation of K.S.A. 21-3404."

This appeal followed.

In *City of Topeka v. Martin,* 3 Kan. App. 2d 105, 590 P.2d 106 (1979), we dismissed for lack of jurisdiction an appeal from a conviction of driving under the influence where there had been "no sentence imposed or other disposition made which constitutes a final judgment as required by K.S.A. 1978 Supp. 22-3601(*a*), -3602(*a*), and K.S.A. 22-3608(1)." We there observed:

"An order finding a defendant guilty is not an appealable order and may not be appealed until the defendant is sentenced or the imposition of sentence is suspended pursuant to 22-3608. *State v. Woodbury,* 133 Kan. 1, 298 Pac. 794 (1931); *Roberts v. State,* 197 Kan. 687, 689, 421 P.2d 48 (1966); 21 Am. Jur. 2d, Criminal Law § 525, p. 509; 24 C.J.S., Criminal Law §§ 1556, 1648, 1649, 1653."

In this case the trial court did say it was suspending imposition of sentence, but only "pending appeal." This was clearly not intended to be the final disposition of the case—the court obviously reserved the right to dispose of the case by imposing sentence if the conviction was affirmed. In our opinion an appeal at this stage of the proceeding is not contemplated by our statutes.

K.S.A. 22-3608 imposes time limits for appeals in criminal cases. Subsection (1) deals with cases where sentence is imposed, subsection (2) with those where "the imposition of sentence is suspended."

K.S.A. 21-4602 (2) and (3) furnish relevant definitions:

"(2) 'Suspension of sentence' is a procedure under which a defendant, found guilty of a crime, upon verdict or plea, is released by the court without imposition of sentence. The release may be with or without supervision in the discretion of the court;

"(3) 'Probation' is a procedure under which a defendant, found guilty of a crime upon verdict or plea, is released by the court after imposition of sentence, without imprisonment subject to conditions imposed by the court and subject to the supervision of the probation service of the state, county or court[.]"

Thus, " '[s]uspension of sentence,' by its definition, is the *release* of a defendant without sentence." *Esters v. State,* 1 Kan. App. 2d 503, 506, 571 P.2d 32 (1977), emphasis added. Like the grant of probation, it constitutes a final disposition of the case which results in the defendant's return to society, usually under conditions imposed by the court. If confinement is to ensue, there must be cause and compliance with the notice and hearing procedures specified in K.S.A. 22-3716.

In this case the order did not amount to a true suspension of sentence but only to a deferral of the sentencing to a later date. Except for the label applied to the continuance, for all practical purposes the posture of this case is identical to that in *City of Topeka v. Martin.* The present appeal is interlocutory, we have no jurisdiction, and it must be dismissed.

If, after final disposition, defendant takes a new appeal, we will receive favorably a motion that it be heard on the briefs submitted

in this appeal. Further, since the case has been argued on the merits, we would approve a stipulation that it be decided by the present panel without reargument. We cannot, however, decide an appeal we have no jurisdiction to hear.

Appeal dismissed.