No. 53,180

STATE OF KANSAS, *Appellant,* v. GEORGE L. BUSSE, JR., *Appellee.*

(642 P.2d 972)

Opinion filed April 3, 1982.

*Jeffrey A. Chubb,* county attorney, argued the cause and *Robert T. Stephan,* attorney general, was with him on the brief for appellant.

*Stanley L. Basler,* of Cherryvale, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

HOLMES, J.: The State of Kansas appeals, pursuant to K.S.A. 22-3602(*b*)(3) (Ensley), from a question reserved in a criminal case. Defendant-appellee was charged with aggravated burglary and attempted rape. He was found not guilty of both charges in a trial by jury.

At defendant's preliminary hearing he was of the opinion that the ability of the State's witnesses to identify him would be a crucial issue and, as a part of his trial strategy, he waived his right to be present during the preliminary hearing. His counsel, of course, was present and afforded the opportunity to cross-examine all the State's witnesses. Donald Yaus, the arresting police officer, testified, but at the time of trial Officer Yaus failed to appear, although he had been subpoenaed and was expected to appear. The State desired to introduce the transcript of Officer Yaus' preliminary hearing testimony and, at a hearing in chambers, the court ruled that the transcript was inadmissible as it was hearsay and the defendant had not met the witness "face to face" in the preliminary hearing. The ruling was based upon the last clause of K.S.A. 60-460(*c*).

At the outset appellee asserts that the issue is not one which should be properly considered as a question reserved. We do not agree. In *State v. Lamkin,* 229 Kan. 104, 621 P.2d 995 (1981), we stated:

"[A]ppeals on questions reserved by the prosecution in criminal actions will not be entertained merely to demonstrate whether or not errors have been committed by the trial court in its rulings adverse to the State. Such questions must be of statewide interest and answers thereto must be vital to a correct and uniform administration of the criminal law." Syl. ¶ 2.

The issue before the court is whether a defendant in a criminal action may voluntarily waive the statutory protection of meeting a witness face to face provided by K.S.A. 60-460(c). We deem the matter to be of sufficient statewide importance in the prosecution of criminal cases to warrant review as a question properly reserved under K.S.A. 22-3602(b)(3).

We now turn to the question before the court. As indicated, the defendant, as a part of his trial strategy, voluntarily elected to waive his right to be present at the preliminary hearing where the following dialogue took place between the court and counsel:

"THE COURT: The State of Kansas v. George L. Busse, Jr., No. 80 CR-241 I.

"MR. BASLER: If it please the Court, Stan Basler appears as counsel for the defendant, George L. Busse, Jr., and presents the Court with a written, acknowledged waiver by the defendant of his right to be present.

"THE COURT: Mr. Chubb?

"MR. CHUBB: Your Honor, defendant's counsel seems to think identity is an issue in this case, and he doesn't want the defendant present, I guess, so our witnesses can get a good look at him. He waived his presence. I don't know what I can do to stop him.

"THE COURT: All right, Mr. Basler, you've thoroughly explained to Mr. Busse his right to confront the witnesses against him and his right to cross-examine them?

"MR. BASLER: That is correct, your Honor.

"THE COURT: And he desires not to avail himself of that privilege?

"MR. BASLER: That is correct.

"THE COURT: And in your opinion, he thoroughly understands these things and freely and voluntarily made this decision?

"MR. BASLER: I believe he did, your Honor.

"THE COURT: This decision was not the result of any threats or coercion of any kind?

"MR. BASLER: No.

"THE COURT: All right. Waiver of right to be present at the preliminary hearing may be accepted and we will proceed in his absence."

Thus, it is apparent that the defendant freely and voluntarily

waived his right to be present after being advised by counsel. K.S.A. 60-460(c) provides in pertinent part:

"60-460. **Hearsay evidence excluded, exceptions.** Evidence of a statement which is made other than by a witness while testifying at the hearing offered to prove the truth of the matter stated is hearsay evidence and inadmissible except:

. . . . .

(c) *Depositions and prior testimony.* Subject to the same limitations and objections as though the declarant were testifying in person, (1) testimony in the form of a deposition taken in compliance with the law of this state for use as testimony in the trial of the action in which offered, or (2) if the judge finds that the declarant is unavailable as a witness at the hearing, testimony given as a witness in another action or in a preliminary hearing or former trial in the same action, or in a deposition taken in compliance with law for use as testimony in the trial of another action, when . . . . (ii) the issue is such that the adverse party on the former occasion had the right and opportunity for cross-examination with an interest and motive similar to that which the adverse party has in the action in which the testimony is offered, *but the provisions of this subsection (c) shall not apply in criminal actions if it denies to the accused the right to meet the witness face to face;"* (Emphasis added.)

The Sixth Amendment to the United States Constitution provides:

"In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; *to be confronted with the witnesses against him;* to have compulsory process for obtaining Witnesses in his favor, and to have the Assistance of Counsel for his defense." (Emphasis added.)

Section 10 of the Kansas Bill of Rights states:

"In all prosecutions, the accused shall be allowed to appear and defend in person, or by counsel; to demand the nature and cause of the accusation against him; *to meet the witness face to face,* and to have compulsory process to compel the attendance of witnesses in his behalf, and a speedy public trial by an impartial jury of the county or district in which the offense is alleged to have been committed. No person shall be a witness against himself, or be twice put in jeopardy for the same offense." (Emphasis added.)

Thus it appears that the statutory safeguard of the defendant's right in a criminal case to meet the witnesses face to face is the same as the right given under Section 10 of the Kansas Bill of Rights.

It should be noted that the question of whether Officer Yaus was in fact unavailable to testify at the trial is not an issue in this appeal. The State had used reasonable diligence to insure his

presence and his failure to appear evidently was a surprise to both parties. *State v. Steward,* 219 Kan. 256, 264, 547 P.2d 773 (1976).

It has long been recognized that a defendant may waive federal and state constitutional rights and that the right of confrontation under the United States Constitution and the right to meet the witnesses "face to face" under Section 10 of the Kansas Bill of Rights are satisfied when defendant has had an opportunity to cross-examine the witnesses against him. *State v. Washington,* 206 Kan. 336, 479 P.2d 833 (1971); *State v. Terry,* 202 Kan. 599, 451 P.2d 211 (1969).

Appellee argues, however, that K.S.A. 60-460(c) grants broader protection and rights to a defendant than those guaranteed by the federal and state constitutions. It is contended that before hearsay testimony by way of a transcript of prior testimony or by deposition may be admitted, the defendant must have actually been present in a face to face confrontation with the witness at the previous hearing or at the taking of the deposition. We think such a literal construction of the statute is erroneous. In *Terry* we held:

"Under both the federal and state constitutions a defendant charged with crime is entitled to be confronted with the witnesses against him—that is, to meet them face to face."

"The basic reason underlying the constitutional 'confrontation' rule is to give a defendant charged with crime an opportunity to cross-examine the witnesses against him."

"An exception to the confrontation requirement is that where a witness is unavailable and has given testimony at a previous judicial proceeding against the same defendant which was subject to cross-examination by that defendant—the testimony of such witness may, upon a proper showing and foundation—be introduced at the subsequent proceeding. This exception has been explained as arising from practical necessity and justified on the ground that the right of cross-examination initially afforded provides substantial compliance with the purposes behind the confrontation requirement." Syl. ¶¶ 1, 2, and 3.

In the instant case the defendant had the opportunity to confront Officer Yaus and meet him face to face at the preliminary hearing. It was the defendant who elected, as he had the right to do, not to be present and exercise his rights. [*State v. Chuning,* 201 Kan. 784, 443 P.2d 248 (1968).] Instead he left it to his counsel to confront the witness face to face on his behalf. While defendant's strategy appears to have been successful in this case, if he had been convicted after electing to waive not only his

constitutional rights but his statutory right, he would have been bound by the consequences.

We hold that the provisions of K.S.A. 60-460(c) to the effect that "the provisions of this subsection (c) shall not apply in criminal actions if it denies to the accused the right to meet the witness face to face" may be waived by a defendant in a criminal action when done so freely and voluntarily with full knowledge of the possible consequences.

The trial court was in error when it ruled that the transcript of the testimony of Officer Yaus from the preliminary hearing was inadmissible.

The appeal is sustained.