454

(680 P.2d 563)
No. 55,649

STATE OF KANSAS, *Appellee,* v. JAMES SNEDECOR, *Appellant.*

Opinion filed May 10, 1984.

*Timothy J. Grillot,* of Patton & Kerbs, of Dodge City, for appellant.

*Daniel L. Love,* county attorney, and *Robert T. Stephan,* attorney general, for appellee.

Before FOTH, C.J., ABBOTT and MEYER, JJ.

ABBOTT, J.: This is a direct appeal by the defendant, James Snedecor, from his sentencing following his plea of guilty of burglary (K.S.A. 21-3715). Defendant contends the sentencing judge erred in refusing to continue the sentencing hearing so that a different judge could hear defendant's motion to disqualify the sentencing judge.

The dispositive facts are simple. The defendant has a history of alcohol and drug abuse. He has had at least three prior felony convictions, and on other occasions has had felony charges

dismissed when probation was revoked or he was sentenced under other pending charges. The present offense occurred two and a half months after his release from incarceration on a conviction of burglary.

In this case he was charged with burglary and three counts of felony theft. He pled guilty to burglary, and the three counts of felony theft were dismissed. On February 25, 1983, the trial judge ordered that a presentence investigation be done by the Kansas Reception and Diagnostic Center. He allowed the defendant to be released on a signature bond. He ordered that the defendant report daily to the Court Service Office and that he not consume any alcohol or illegal drugs, nor sniff glue. One week later the defendant was returned to court in a deplorable physical condition. Defendant's wife had requested that his bond be revoked because of his violation of its conditions. The sentencing judge commented, "Mr. Snedecor, you have confirmed my belief in human nature." The trial judge then revoked defendant's bond.

Snedecor was to be sentenced on April 6, 1983. At 4:33 p.m. on April 5, 1983, he filed an affidavit of prejudice, seeking to disqualify the sentencing judge. Defendant's affidavit alleged that the sentencing judge had sentenced him on a prior burglary charge to a term of not less than 3 years nor more than 10 years and that fact coupled with the remark made when defendant's bond was revoked would prevent defendant from obtaining a fair and impartial sentence.

The sentencing judge ruled that the affidavit was not timely filed pursuant to K.S.A. 20-311d and proceeded to sentence defendant to a term of not less than 3 nor more than 10 years to run consecutively with his other sentence. Probation was denied and a recommendation was made that he be placed in Hutchinson rather than Lansing.

Defendant argues that the sentencing judge cannot rule on an affidavit of prejudice, that a postjudgment affidavit of prejudice is not subject to the time requirements of K.S.A. 20-311f and that the denial violates defendant's right to due process and equal protection of the law.

K:S.A. 20-311d prescribes the procedure for disqualifying a judge for bias, prejudice or interest. The statute provides in pertinent part:

"(a) If either party or either party's attorney to any action in a district court files

an affidavit alleging any of the grounds specified in subsection (*b*), the administrative judge shall at once transfer the action to another judge of the district court in the judicial district.    .    .    .

"(*b*) Grounds which may be alleged as provided in subsection (*a*) for change of judge are:

.    .    .    .

"(5) That the party filing the affidavit has cause to believe and does believe that on account of the personal bias, prejudice, or interest of the judge such party cannot obtain a fair and impartial trial or fair and impartial enforcement of post judgment remedies. Such affidavit shall state the facts and the reasons for the belief that bias, prejudice or an interest exists."

As we view the affidavit, it appears to be legally insufficient in that the facts stated to justify defendant's belief are not sufficient to raise a legitimate question of bias, prejudice or interest so as to require disqualification. However, that issue is not before us, for the sufficiency of the affidavit must be determined by a trial judge different from the one the affiant is seeking to disqualify. *Hulme v. Woleslagel,* 208 Kan. 385, 393, 493 P.2d 541 (1972).

The trial court's failure to automatically transfer a case upon the filing of an affidavit does not necessarily constitute reversible error. It is not required to automatically transfer the case if an affidavit is not filed or is not timely filed. In *State v. Knight,* 219 Kan. 863, 549 P.2d 1397 (1976), the trial court had failed to refer the defendant's motion for change of judge and affidavit of prejudice to an administrative judge. On appeal, the Supreme Court held:

"It is essential to the validity of an affidavit that it be sworn to or affirmed before some person authorized to administer an oath or affirmation. A document simply acknowledged before a notary public is not an affidavit, and is insufficient to invoke the provisions of K.S.A. 20-311d where a motion is filed for change of judge." 219 Kan. 863, Syl. ¶ 2.

The Court further stated at page 868:

"[W]here no 'affidavit' is filed a motion for change of judge under 20-311d  .  .  .  is insufficient and must fail. This is in accord with our past decisions construing 20-311d  .  .  .  .  In *Hulme v. Woleslagel,* supra, at 394 and *Collins v. Kansas Milling Co.,* 210 Kan. 701, 504 P.2d 586, the court held an affidavit filed by the attorney and not by the party litigant was insufficient on its face. In *State v. Timmons,* 218 Kan. 741, 749, 545 P.2d 358, the defendant's failure to timely file an affidavit of prejudice barred his assertion that the trial court erred in failing to recuse himself in response to his affidavit."

In order to appreciate the legal issue in this case, some background is necessary. In early 1978 the pertinent part of K.S.A. 20-311f(*a*) read:

"[A] party shall have seven (7) days after pre-trial, or after receipt of written notice of the judge to which the case is assigned or before whom the case is to be heard, whichever is later, in which the affidavit may be filed."

Our Supreme Court construed the above quotation in *Carpenter v. State*, 223 Kan. 523, 575 P.2d 26 (1978), holding as follows:

"In a case where a pretrial is had the affidavit must be filed within seven days after pretrial. In a case where there is no pretrial the affidavit must be filed within seven days of the time the party receives notice of the identity of the judge to whom the case is assigned or before whom it shall be heard. If a litigant has reason to believe the judge is prejudiced the party is under an obligation to file the affidavit before the trial proceeds. In a situation where a judge is already assigned to a case and events transpire which cause the litigant to believe the judge has become prejudiced the litigant is under an obligation to file the affidavit as soon as he becomes aware of the facts giving rise to the challenge. Failure to act on the knowledge becomes a waiver of his right to make the challenge." 223 Kan. at p. 525.

The legislature almost immediately amended K.S.A. 20-311f(*a*) to read in pertinent part:

"[I]n pre-judgment matters a party shall have seven (7) days after pre-trial, or after receipt of written notice of the judge to which the case is assigned or before whom the case is to be heard, whichever is later, in which the affidavit may be filed. *In post judgment proceedings* the affidavit may be filed at any time." L. 1978, ch. 110, § 2 (emphasis supplied).

In *Carpenter v. State*, 223 Kan. 523, the defendant had been convicted and sentenced, and thus it would appear the legislature intended by its amendment to allow a defendant to file the affidavit at any time in postjudgment proceedings. Here, defendant's plea of guilty had been accepted but he had not yet been sentenced. The dispositive issue is therefore whether sentencing is a postjudgment proceeding.

We have previously held that to have a final appealable judgment a sentence must be imposed or the imposition of sentence suspended. *State v. Lottman*, 6 Kan. App. 2d 741, 633 P.2d 1178 (1981). Our Supreme Court held in *Roberts v. State*, 197 Kan. 687, 689, 421 P.2d 48 (1966), that the pronouncement of sentence in a criminal proceeding is the "judgment" of the court. *Roberts* is consistent with the general rule in criminal cases that "sentencing" is synonymous with "judgment." *Mtr. of Gunning v. Codd*, 65 App. Div. 2d 415, 411 N.Y.S.2d 280 (1978), *aff'd* 49

N.Y.2d 495, 403 N.E.2d 1208 (1980); *People v. La Sasso*, 182 Misc. 538, 44 N.Y.S.2d 93 (1943); *Vasquez v. Courtney*, 272 Or. 477, 537 P.2d 536 (1975); *State v. Morales*, 21 Or. App. 827, 537 P.2d 109 (1975); 21 Am. Jur. 2d, Criminal Law § 525. Thus, we hold that sentencing here is not a postjudgment proceeding as contemplated by the last sentence of K.S.A. 20-311f(a), and defendant is held to the standard set forth in *Carpenter v. State*, 223 Kan. at 525; that is, the affidavit of prejudice must be filed within a reasonable time after the litigant becomes aware of the facts giving rise to the challenge or the right to make the challenge is waived.

Snedecor obviously was aware of his prior sentencing before this action commenced. Any prejudice or bias stemming solely from the prior sentencing should have been asserted before the acceptance of the guilty plea. Any prejudice arising therefrom was waived.

The remaining allegation of prejudice concerns the comment made during the bond revocation hearing, and that falls within the rule stated in *Carpenter*. Snedecor became aware on March 4 of the facts giving rise to the challenge, but did not file the affidavit of prejudice until April 5, thirty-two days later. Moreover, the affidavit was filed late on the day before sentencing. Snedecor has not presented any valid reason why the affidavit could not have been filed sooner. We are of the opinion Snedecor's affidavit was not filed at the earliest opportunity and the trial judge did not err in refusing to transfer the affidavit to the administrative judge and in sentencing Snedecor at the scheduled time.

We have examined Snedecor's other arguments and find them to be without merit.

Affirmed.