No. 56,610

STATE OF KANSAS, *Appellant,* v. JAMES D. FREEMAN, II, *Appellee.*

(689 P.2d 885)

Opinion filed October 26, 1984.

C. L. Laman, county attorney, argued the cause, and Robert T. Stephan, attorney general, was with him on the brief for appellant.

Lawrence R. Uri, Jr., of Paulsen, Buechel, Swenson, Uri & Brewer, Chartered, of Concordia, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

LOCKETT, J.: This is an appeal by the State of Kansas in a criminal prosecution from an order of the district court dismissing two counts of a four-count indictment. This case was before the Supreme Court once before on a State's appeal but was dismissed because this court lacked jurisdiction under K.S.A. 22-3602(b). The facts of the case, as set forth in State v. Freeman, 234 Kan. 278, 670 P.2d 1365 (1983) (Freeman I), are as follows:

On June 19, 1982, a pickup truck driven by the defendant, James D. Freeman, II, was involved in a two-vehicle collision at the junction of Highways 81 and 24 in Cloud County. A passenger in the other vehicle, Edward Strecker, subsequently died. The State alleges Mr. Strecker died as a result of injuries received in the accident and that the accident was caused by the defendant. Defendant was originally charged in a complaint and information with one count of involuntary manslaughter (K.S.A. 1983 Supp. 21-3404). Immediately following the preliminary hearing the State issued three new misdemeanor complaints against defendant and filed an amended information. The amended information charged the defendant with involuntary manslaughter in count one, vehicular homicide in count two, failure to yield the right-of-way in count three and speeding in count four.

On December 6, 1982, defendant was arraigned on all four counts. Defendant pleaded not guilty to counts one, two and four and guilty to count three, the charge of failing to yield the right-of-way. On December 22, 1982, the defendant filed a motion to dismiss counts one and two on the grounds that further prosecution of those two counts would be duplicitous in violation of K.S.A. 1983 Supp. 21-3107(2)(d), and barred by the double jeopardy provisions of K.S.A. 21-3108(2)(a). After extensive argument on January 3, 1983, the court sustained defendant's motion on the basis of double jeopardy and dismissed counts one

and two. Without dismissing the remaining speeding charge, the State filed this appeal from the dismissal of counts one and two.

In *Freeman I,* we found that there was no jurisdiction to hear the appeal. We held that there is no statutory authority for the State to appeal from the dismissal in a criminal case of some of the counts of a multiple-count complaint, information or indictment while the case remains pending before the district court on a portion of the remaining counts which have not been dismissed nor finally resolved.

Our decision was received by the Clerk of the District Court of Cloud County on December 7, 1983. On December 9, 1983, the State filed a motion to dismiss the remaining count of speeding and to set the date for sentencing on the third count of failure to yield the right-of-way to which Freeman had previously pleaded. Freeman was ordered to appear on January 3, 1984, for sentencing. Freeman appeared by counsel and was fined $50.00 and costs. On January 30, 1984, the State filed its Notice of Appeal pursuant to K.S.A. 22-3602(b)(3). On February 28, 1984, the defendant filed a motion for involuntary dismissal of the State's appeal based on lack of jurisdiction.

The right to appeal in a criminal case is strictly statutory and absent statutory authority there is no right to appeal. The statutes authorizing appeals by the prosecution in criminal actions are found at K.S.A. 22-3602 and 22-3603.

K.S.A. 22-3602(b) provides that appeals may be taken by the prosecution as follows:

"(1) From an order dismissing a complaint, information or indictment;
"(2) From an order arresting judgment;
"(3) Upon a question reserved."

The Kansas Code of Criminal Procedure does not state a time limit for appeals by the prosecution under K.S.A. 22-3602. Freeman, therefore, argues that the rules of civil procedure apply, and the State failed to file an appeal within 30 days from the entry of judgment. The defendant argues that the ruling of the trial court dismissing counts one and two was a final judgment; the appeal of such had to be within 30 days of the dismissal, and the State's failure to perfect the appeal within that time now bars this appeal.

K.S.A. 22-3608 provides the time limits for appeal by a defendant. There is no similar provision as to time limits for the

prosecution to appeal under K.S.A. 22-3602(b). K.S.A. 22-3606 provides that:

"Except as otherwise provided by statute or rule of the supreme court, the statutes and rules governing procedure on appeals to an appellate court in civil cases shall apply to and govern appeals to an appellate court in criminal cases."

Since there is no time limit delineated in K.S.A. 22-3602(b) for the prosecution to appeal, the time specified under the rules of civil procedure apply. Therefore, an appeal by the State must be taken within 30 days from the entry of final judgment as required by the rules of civil procedure. K.S.A. 60-2103.

When was the judgment in *Freeman I* final? In *City of Topeka v. Martin*, 3 Kan. App. 2d 105, 590 P.2d 106 (1979), the Court of Appeals held that a sentence must be imposed or the imposition of sentence suspended in order to have a final appealable judgment. The court said:

"An order finding a defendant guilty is not an appealable order and may not be appealed until the defendant is sentenced or the imposition of sentence is suspended pursuant to 22-3608. *State v. Woodbury*, 133 Kan. 1, 298 Pac. 794 (1931); *Roberts v. State*, 197 Kan. 687, 689, 421 P.2d 48 (1966); 21 Am. Jur. 2d, Criminal Law § 525, p. 509; 24 C.J.S., Criminal Law §§ 1556, 1648, 1649, 1653." 3 Kan. App. 2d at 105.

In *State v. Lottman*, 6 Kan. App. 2d 741, 633 P.2d 1178 (1981), the defendant appealed from a conviction by a jury of involuntary manslaughter. Lottman moved to suspend imposition of sentence pending appeal. The motion was granted, and he appealed. The Court of Appeals dismissed the appeal for lack of jurisdiction, citing *Martin*. The court said the appeal was interlocutory since no sentence had been imposed, and it had no jurisdiction to hear the case.

In *Freeman I*, this court characterized the State's appeal from the dismissal of two counts of the multiple count complaint as an interlocutory appeal, since the case had not been terminated in district court. We found that since final orders had not been entered, the district court still had jurisdiction over the case, and as long as the district court had jurisdiction, an appellate court had no jurisdiction.

The journal entry granting Freeman's motion for dismissal of the counts one and two was filed January 10, 1983. If the January 10 dismissal had been the final judgment in the case, the State's appeal was required to be filed within 30 days. The State filed its

appeal in *Freeman I* on January 11, 1983. We, however, deemed there was no final judgment and refused to hear the appeal. Since there was no final judgment, then, the time for appeal had not commenced. Therefore, counts one and two, which had been dismissed by the district court, were not severable for the purposes of the first appeal. Freeman cannot now be allowed to sever those counts to avoid the State's second appeal. Final judgment occurred when Freeman was sentenced January 3, 1984. On January 30, 1984, within the 30 days to appeal, the State timely filed its second Notice of Appeal.

Freeman claims the State's appeal is improper under K.S.A. 22-3602(b)(3), which allows appeal upon a question reserved by the prosecution. In *State v. Crozier*, 225 Kan. 120, 587 P.2d 331 (1978), the court stated that a question reserved must be one which calls for an answer which will aid in the correct and uniform administration of the criminal law. *State v. Glaze*, 200 Kan. 324, 436 P.2d 377 (1968). A question reserved by the State will not be entertained on appeal merely to demonstrate errors of a trial court in rulings adverse to the State. *State v. V. F. W. Post No. 3722*, 215 Kan. 693, 695, 527 P.2d 1020 (1974); *State v. Chittenden*, 212 Kan. 178, 510 P.2d 152 (1973). No formal procedural steps are required by K.S.A. 22-3602(b) to appeal on a question reserved. All that is necessary for the State to do to reserve a question for presentation on appeal to the Supreme Court is to make proper objections or exceptions at the time the order complained of is made or the action objected to is taken.

The rule was reiterated in *State v. Busse*, 231 Kan. 108, 642 P.2d 972 (1982), where the appellee asserted that the issue was not one which should be properly considered as a question reserved. We did not agree. The issue before the court was whether a defendant in a criminal action may voluntarily waive the statutory protection of meeting a witness face to face provided by K.S.A. 60-460(c). We found the matter to be of sufficient statewide importance in the prosecution of criminal cases to warrant review as a question properly reserved under K.S.A. 22-3602(b)(3). *State v. Busse*, 231 Kan. 108.

There is no reason to believe that the question in the present case is not of statewide interest. The issue of whether a defendant can plead to a lesser charge contained in a complaint or information and then claim double jeopardy to avoid trial on a

greater charge is relevant to a large number of criminal prosecutions.

Freeman claims this question has already been considered by this court and cites three cases for such proposition: (1) *Jarrell v. State*, 212 Kan. 171, 510 P.2d 127 (1973), which dealt with duplicitous charges. The court found three of the counts against the defendant duplicitous and vacated two of them. (2) *State v. Garnes*, 229 Kan. 368, 624 P.2d 448 (1981), which dealt with multiplicity. The court again found one of the charges against the defendant multiplicitous and set it aside. (3) *State v. Becker*, 1 Kan. App. 2d 671, 573 P.2d 1096 (1977), which dealt with double jeopardy. Becker pleaded guilty to traffic charges in district court. The county attorney had also filed other charges in district court stemming from the same incident. The court said the defendant was subjected to double jeopardy and reversed the decision of the trial court. None of these cases cited, however, consider this specific issue raised by the State in this appeal.

Freeman also claims he is entitled to discharge under K.S.A. 22-3402(2), since he was not brought to trial within one hundred eighty (180) days after arraignment on the charge and since no delay resulted from his application or fault.

This issue was partially addressed in *State v. Grimes*, 229 Kan. 143, 662 P.2d 143 (1981), in which Grimes claimed the State failed to comply with the Kansas speedy trial statute. (K.S.A. 22-3402.) Grimes was found guilty of aggravated battery. He, then, filed a motion for a new trial, which was granted. The State filed an appeal from the order granting a new trial. Four months after the State filed its notice of appeal, the court dismissed the appeal because of lack of jurisdiction. Grimes then claimed the State's failure to bring him to trial within 180 days after a new trial was granted violated the speedy trial statute. The court agreed and the charges against Grimes were dismissed.

Freeman, however, is in a different situation. He pleaded guilty to the charge of failure to yield the right-of-way at his arraignment. There was no need for a trial on that charge and the other counts were dismissed. K.S.A. 22-3402 requires only that a defendant be brought to trial within 180 days after arraignment. Freeman had his opportunity for a trial. Instead, he pleaded guilty. While the statute requires a speedy trial, there is no language in the statute that requires sentencing within 180 days

after a plea or a finding of guilty. K.S.A. 22-3424(3) merely requires that the sentencing court impose sentence without "unreasonable delay."

This state has held in a number of cases that a defendant waives his right to a speedy trial by a plea of guilty in the district court. *Witt v. State,* 197 Kan. 363, 416 P.2d 717 (1966); *Cooper v. State,* 196 Kan. 421, 411 P.2d 652 (1966); *Moore v. Hand,* 187 Kan. 260, 356 P.2d 809 (1960).

Kansas has not directly considered whether the right to a speedy trial applies to sentencing, but other states have said that it does not. In *Com. v. Hill,* 267 Pa. Super. 264, 406 A.2d 796 (1979), the court found that a delay of eleven months from conclusion of the defendant's trial to sentencing did not deprive the defendant of the right to a speedy trial. In *Easley v. State,* 564 S.W.2d 742 (Tex. Crim. App. 1978), the court said the right to a speedy trial applies to neither delays in sentencing nor the appellate process. In *State v. Mick,* 229 Kan. 157, 621 P.2d 1006 (1981), the court said:

"The case of *Barker v. Wingo,* 407 U.S. 514, 532, 33 L.Ed.2d 101, 92 S.Ct. 2182 (1972), sets forth the interests of an accused which the constitutional right to speedy trial is designed to protect. This right is designed to prevent oppressive pretrial incarceration, to minimize anxiety and concern of the accused, and to limit the possibility the defense of the accused will be impaired." 229 Kan. at 159.

None of these factors are present after a defendant has pleaded guilty and is awaiting sentencing. Freeman cannot claim a denial of speedy trial. A delay of sentencing from a defendant's plea or from a finding of guilty after a trial does not deprive a defendant of the right to a speedy trial.

Freeman argues the State's charges against him were duplicitous and, having been placed in double jeopardy because the charges are duplicitous, he is entitled to dismissal of all untried charges. The terms "duplicitous" and "multiplicitous" have often been treated as synonymous. "Duplicity" in a criminal pleading is the joining of two or more distinct and separate offenses in a single count in a complaint or information. "Multiplicity" in a criminal pleading is the charging of a single offense in several counts of a complaint or information. Freeman actually argues the charges are multiplicitous.

The double jeopardy clause of the Constitution of the United States protects against (1) a second prosecution for the same

offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense. *Brown v. Ohio*, 432 U.S. 161, 165, 53 L.Ed.2d 187, 97 S.Ct. 2221 (1977). The language of section 10 of the Bill of Rights of the Constitution of Kansas is very similar to the language contained in the Fifth Amendment of the Constitution of the United States. Both provide in effect that no person shall be twice placed in jeopardy for the same offense. The language of the Fifth Amendment guarantees no greater protection to an accused than does section 10 of the Bill of Rights of the Constitution of Kansas. Therefore, the three underlying protections contained in the double jeopardy clause of the Constitution of the United States are contained in section 10 of the Bill of Rights of the Kansas Constitution.

In order to implement and define the constitutional guarantees of the double jeopardy clause, the Kansas legislature enacted two statutes: (1) K.S.A. 1983 Supp. 21-3107, multiple prosecutions for the same act, and (2) K.S.A. 21-3108, effect of former prosecution. K.S.A. 1983 Supp. 21-3107 defines the right of the prosecution to charge more than one offense based on the same act and to convict of an included offense not specifically charged. It formulates the limitations upon unfair multiplicity of convictions and prosecutions. K.S.A. 21-3108 attempts to cover the complex problems of former jeopardy.

K.S.A. 1983 Supp. 21-3107 provides statutory authority where criminal conduct of a defendant, although consisting of a single transaction, may result in a multiple violation of the criminal code, for which the defendant may be severally prosecuted. *State v. Pencek*, 224 Kan. 725, 585 P.2d 1052 (1978). The prosecution may not split a single offense into separate parts where there is a single wrongful act which does not furnish the basis for more than one criminal prosecution. The test concerning whether a single transaction may constitute two separate and distinct offenses is whether the same evidence is required to sustain each charge. If not, the fact that both charges relate to and grow out of the same transaction does not create a single offense where two distinct offenses are defined by statute. *State v. Chears*, 231 Kan. 161, 643 P.2d 154 (1982). The same test is used in determining whether offenses charged in a complaint or information constitute lesser included offenses and are multi-

plicitous under 21-3107 or in determining whether a prosecution is barred by a former prosecution for a crime arising out of the same conduct under 21-3108. *State v. Mourning,* 233 Kan. 678, 664 P.2d 857 (1983).

The fact that an accused is charged with multiplicitous crimes is not in and of itself a violation of the double jeopardy clause. The clause merely prevents a defendant from being punished more than once for the same crime.

In *Arnold v. Wyrick,* 646 F.2d 1225 (8th Cir. 1981), the defendant was charged with both first-degree robbery and armed criminal action. On appeal, he contended that since first-degree robbery was a lesser included offense of armed criminal action, charging him with both placed him in double jeopardy. The court disagreed. Although the double jeopardy clause forbids prosecution for the greater offense after conviction of the lesser offense, *Illinois v. Vitale,* 447 U.S. 410, 65 L.Ed.2d 228, 100 S.Ct. 2260 (1980), it is not infringed by merely charging both offenses in a single indictment where no multiple punishment results. See *United States v. Wilson,* 420 U.S. 332, 43 L.Ed.2d 232, 95 S.Ct. 1013 (1975); *North Carolina v. Pearce,* 395 U.S. 711, 23 L.Ed.2d 656, 89 S.Ct. 2072 (1969). Arnold was convicted only of the lesser included offense and punished only once. He alleged no prejudice from the mere joinder of the counts in the indictment. His double jeopardy claim was without merit.

The United States Supreme Court reached the same conclusion in *Brown v. Ohio,* 432 U.S. 161. The court said the double jeopardy clause protects an accused against a second prosecution for the same offense after acquittal or after conviction. The clause protects against multiple punishments for the same offense. *North Carolina v. Pearce,* 395 U.S. 711. Where consecutive sentences are imposed at a single criminal trial, the role of the constitutional guarantee is limited to assuring that the court does not exceed its legislative authorization by imposing multiple punishments for the same offense. See *Gore v. United States,* 357 U.S. 386, 2 L.Ed.2d 1405, 78 S.Ct. 1280 (1958); *Bell v. United States,* 349 U.S. 81, 99 L.Ed. 905, 75 S.Ct. 620 (1955); *Ex Parte Lange,* 85 U.S. (18 Wall.) 163, 21 L.Ed. 872 (1874).

The defendant's claim that he was placed in jeopardy because the State's information was multiplicitous is without merit.

The defendant argues, however, that having pleaded guilty to

an included crime, he cannot be convicted of a greater crime. K.S.A. 1983 Supp. 21-3107(2) provides that:

"Upon prosecution for a crime, the defendant may be convicted of either the crime charged or an included crime, but not both. An included crime may be any of the following:

"(a) A lesser degree of the same crime;
"(b) an attempt to commit the crime charged;
"(c) an attempt to commit a lesser degree of the crime charged; or
"(d) a crime necessarily proved if the crime charged were proved."

This issue was considered by the United States Supreme Court in *Ohio v. Johnson*, 467 U.S. _____, 81 L.Ed.2d 425, 104 S.Ct. 2536 (1984). The defendant Johnson was indicted by an Ohio grand jury for four offenses, ranging from murder to grand theft. Johnson offered to plead guilty to charges of involuntary manslaughter and grand theft, but pleaded not guilty to charges of murder and aggravated robbery. Over the State's objection, the trial court accepted the "guilty" pleas to the lesser offenses and then granted respondent's motion to dismiss the two most serious charges on the ground that because of his guilty pleas, further prosecution on the more serious offenses was barred by the double jeopardy prohibitions of the Fifth and Fourteenth Amendments.

The Ohio courts "reasoned that since state law permitted conviction on only one of the charges, acceptance of respondent's guilty plea to the charge of theft prevented conviction for the charge of aggravated robbery. The crime of involuntary manslaughter was held to be distinguishable from the offense of murder only by the mental states required to commit `each offense, but that in any one killing, an offender could only be convicted of involuntary manslaughter or murder, but not both crimes." 81 L.Ed.2d at 432.

The defendant also argued that further prosecution of the counts which were dismissed would violate the double jeopardy prohibition against multiple prosecutions. The court noted that the State was not prohibited from charging the defendant with greater and lesser included offenses and prosecuting those offenses in a single trial. The court said:

"No interest of respondent protected by the Double Jeopardy Clause is implicated by continuing prosecution on the remaining charges brought in the indictment. Here respondent offered only to resolve part of the charges against him, while the State objected to disposing of any of the counts against respondent

without a trial. Respondent has not been exposed to conviction on the charges to which he pleaded not guilty, nor has the State had the opportunity to marshal its evidence and resources more than once or to hone its presentation of its case through a trial. The acceptance of a guilty plea to lesser included offenses while charges on the greater offenses remain pending, moreover, has none of the implications of an 'implied acquittal' which results from a verdict convicting a defendant on lesser included offenses rendered by a jury charged to consider both greater and lesser included offenses. Cf. Price v Georgia, 398 US 323, 329, 26 L Ed 2d 300, 90 S Ct 1757 (1970); Green v United States, 355 US 184, 191, 2 L Ed 2d 199, 78 S Ct 221, 77 Ohio L Abs 202, 61 ALR2d 1119 (1957). There simply has been none of the governmental overreaching that double jeopardy is supposed to prevent. On the other hand, ending prosecution now would deny the state its right to one full and fair opportunity to convict those who have violated its laws. Arizona v Washington, 434 US 497, 509, 54 L Ed 2d 717, 98 S Ct 824 (1978)." *Ohio v. Johnson*, 81 L.Ed.2d at 435.

The Supreme Court, in reversing the Ohio Supreme Court and remanding for further proceedings, noted that:

"Notwithstanding the trial court's acceptance of respondent's guilty pleas, respondent should not be entitled to use the Double Jeopardy Clause as a sword to prevent the State from completing its prosecution on the remaining charges." *Ohio v. Johnson*, 81 L.Ed.2d at 435.

The United States Supreme Court held that the double jeopardy clause does not prohibit the State from continuing its prosecution of the defendant on the charges of murder and aggravated robbery. The court said:

"In contrast to the double jeopardy protection against multiple trials, the final component of double jeopardy—protection against cumulative punishments—is designed to ensure that the sentencing discretion of courts is confined to the limits established by the legislature. Because the substantive power to prescribe crimes and determine punishments is vested with the legislature, United States v Wiltberger, 5 Wheat 76, 93, 5 L Ed 37 (1820), the question under the Double Jeopardy Clause whether punishments are 'multiple' is essentially one of legislative intent, see Missouri v. Hunter, 459 US 359, 368, 74 L Ed 2d 535, 103 S Ct 673 (1983). But where a defendant is retried following conviction, the Clause's third protection ensures that after a subsequent conviction a defendant receives credit for time already served. North Carolina v. Pearce, supra, at 718, 23 L Ed 2d 656, 89 S Ct 2072.

"We accept, as we must, the Ohio Supreme Court's determination that the Ohio legislature did not intend cumulative punishment for the two pairs of crimes involved here. But before respondent can ever be punished for the offenses of murder and aggravated robbery he will first have to be found guilty of those offenses. The trial court's dismissal of these more serious charges did more than simply prevent the imposition of cumulative punishments; it halted completely the proceedings that ultimately would have led to a verdict of guilt or innocence on these more serious charges. Presumably the trial court, in the event

of a guilty verdict on the more serious offenses, will have to confront the question of cumulative punishments as a matter of state law, but because of that court's ruling preventing even the trial of the more serious offenses that stage of the prosecution was never reached. While the Double Jeopardy Clause may protect a defendant against cumulative punishments for convictions on the same offense, the Clause does not prohibit the State from prosecuting respondent for such multiple offenses in a single prosecution." *Ohio v. Johnson,* 81 L.Ed.2d at 433-34.

Freeman has attempted to do the same thing as Johnson did in Ohio, to use the double jeopardy clause to prevent the State from completing its prosecution on the greater charges. The State is not precluded by the Constitutions of the United States and the State of Kansas from continuing its prosecution on the involuntary manslaughter and vehicular homicide charges against Freeman.

In addition, Freeman claims even if the Constitutions of the United States and the State of Kansas do not prevent the State from continuing its prosecution of the charges remaining after his plea of guilty, K.S.A. 1983 Supp. 21-3107 and K.S.A. 21-3108 prevented further prosecution.

In *State v. Becker,* 1 Kan. App. 2d 671, the defendant appealed from a conviction for aggravated assault on a law enforcement officer. As a result of a high speed chase, the defendant had been charged with 17 misdemeanor counts in the county court. When the defendant requested a jury trial, these charges were dismissed and 15 of the counts, including one for driving left of center, were refiled in the district court. A week later, the defendant was charged in a separate case with aggravated assault on a law enforcement officer, based on the same incident for which the defendant had been charged with driving left of center.

The defendant pleaded guilty to a number of counts in the first case, including the driving left of center charge. At trial, the defendant was found guilty of aggravated assault on a law enforcement officer and was subsequently sentenced for that offense as well. On appeal of the aggravated assault conviction, the defendant argued that being placed on trial on a charge based on the same conduct as the driving left of center charge was double jeopardy. The Court of Appeals agreed, finding that the same conduct was the basis of two separate prosecutions. In the assault charge, the driving left of center was the threat or attempt to do

bodily harm—the overt act under the particular circumstances. Proof of the assault charge would have supported and included the traffic charge. Nothing was needed to be proven in the traffic count which was not necessary in the felony charge. The evidence in the latter would have supported conviction of the former. Thus, defendant could not be convicted of both charges and the latter prosecution was voided.

The defendant in *State v. Fisher,* 233 Kan. 29, 661 P.2d 791 (1983), was stopped for speeding by a trooper of the Kansas Highway Patrol. The defendant was issued citations for exceeding the speed limit and failing to produce and surrender his daily log for inspection. Later, the county attorney filed a second case charging the defendant with disorderly conduct, obstructing legal process, and two counts of battery of a law enforcement officer. The defendant pleaded to the speeding and log book charges and fines were imposed. He then moved to dismiss the criminal charges on the grounds that the traffic charges and the criminal charges all grew out of the same acts and transactions; that a trial on the criminal charges would require a re-examination of some of the issues of fact determined in the traffic case; and that the criminal charges could have been included along with the traffic charges in a single complaint.

This court said that three elements must be present to bar a subsequent prosecution under K.S.A. 21-3108. First, the prior prosecution must have resulted in a conviction or an acquittal; second, evidence of the present crime must have been introduced in the prior prosecution; and third, the charge in the second prosecution must have been one which could have been charged as an additional count in the prior case. 233 Kan. at 32. The *Fisher* court said that while the first and third elements were present in the case, the second element of the statute, the introduction of evidence of the present crime in the prior prosecution, was wholly absent from the record. The pleas to the traffic charges did not establish or substantially prove the criminal charges pending against the defendant. The case was distinguishable from *Becker* in that in *Becker* exactly the same conduct was the basis of two separate prosecutions. The criminal charges in *Fisher* were separate and distinct from the speeding and log book charges, and were, therefore, not barred by the double jeopardy provisions of the Kansas Constitution.

The *Fisher* court determined the earlier version of K.S.A. 21-3108, K.S.A. 62-1449 (Corrick), was intended to supplement the existing law upon the subject of jeopardy. Jeopardy applied only where there is a trial and evidence of other offenses is admitted. Though the statutory language had been changed in K.S.A. 21-3108 and "prosecution" substituted for "trial," the operative fact is still the evidence admitted in the former proceeding. *State v. Fisher,* 233 Kan. 29.

*Freeman* is distinguishable from both *Becker* and *Fisher.* Unlike *Becker* and *Fisher,* who were both charged in two separate complaints based upon the same transaction, Freeman was charged with several counts involving the same transaction in a single complaint. Both *Becker* and *Fisher,* after pleading guilty to the charges in one complaint, could attempt to claim former jeopardy barred prosecution in the second untried complaint arising out of the same transaction.

K.S.A. 21-3108 bars the prosecution of an individual who has been formerly prosecuted for the same crime, based upon the same facts. Under that statute, for a second prosecution to be barred, it is essential that the second prosecution be for the same act and crime both in law and fact and that the defendant could have been convicted upon the first charge. Questions of double jeopardy arise only when a second prosecution is sought on a subsequent complaint or information following a conviction or acquittal on an earlier complaint or information. K.S.A. 21-3108 does not bar prosecution by the State on any of the crimes alleged in the amended information against Freeman.

The purpose of a complaint or information is to inform the accused of the particular offense or offenses with which the defendant is charged and must defend against at time of trial. K.S.A. 1983 Supp. 21-3107(1) states which crimes may be alleged in a complaint or information by the State and how the offense must be alleged in the charging instrument.

Upon prosecution the accused may be convicted of either a crime charged in a complaint or information or an included crime, but not both. K.S.A. 1983 Supp. 21-3107(2). Freeman claims his plea to an "included crime" charged in the amended information precluded further prosecution by the State under the statute.

When revising the criminal code, the legislature combined

three former criminal procedure statutes, G.S. 1949, 62-1022, 62-1023, and 62-1024, into one statute, K.S.A. 1983 Supp. 21-3107. What was the intent of the legislature in combining the three statutes when it enacted the revised criminal code in 1969? In determining the legislative intent, courts are not limited to a mere consideration of the language employed but may properly look into the historical background of the enactment, the circumstances attending its passage, the purposes to be accomplished and the effect the statute may have under various constructions suggested. *In re Estate of Reed,* 233 Kan. 531, 664 P.2d 824, *cert. denied* 464 U.S. 978 (1983).

Therefore, we must look at the subject matter of the three prior statutes incorporated into K.S.A. 1983 Supp. 21-3107 to determine the legislative intent. G.S. 1949, 62-1022 allowed a jury to find a defendant not guilty of the degree charged in the indictment, and guilty of any degree inferior thereto, or of an attempt to commit the offense. G.S. 1949, 62-1023 provided that upon a trial of an indictment for a felony, the defendant could be found guilty of any other felony or misdemeanor included in the charged crime. Finally, G.S. 1949, 62-1024 allowed joinder of counts for murder and manslaughter and, at trial, the defendant could be convicted of either offense. It is clear that K.S.A. 1983 Supp. 21-3107 was intended to incorporate the former law, and by its language applies only where there is a trial and evidence of the included offenses is admitted. The statutory language of 21-3107 was changed by the legislature and the word "prosecution" substituted for "trial."

The fundamental rule of statutory construction, to which all others are subordinate, is that the purpose and intent of the legislature governs when that intent can be ascertained from the statute. Our legislature never intended that an accused's plea of guilty to one count of a multi-count complaint or information would immediately allow the defendant to raise a double jeopardy bar to continued prosecution on any remaining counts that are greater or included offenses of the charge to which a defendant pleaded. The acceptance by the trial court of a plea of guilty to a lesser or an included offense while charges on the greater offense remain pending has none of the implications of an implied acquittal which results from a verdict convicting a

defendant on a lesser included offense rendered by the judge or jury charged to consider greater, lesser and included offenses.

It was the intent of the legislature when it enacted 21-3107 that a defendant be subject to trial on a complaint or information on charges to which he has not pleaded guilty. The legislature never intended to deny the State the opportunity to present its case on the untried charges to the trier of fact. The defendant's final claim is without merit.

Freeman should be allowed to withdraw his plea of guilty to the charge to which he pleaded, failure to yield the right-of-way, if he so desires. The district court is reversed. The case is remanded for trial on all untried counts of the State's amended information.

PRAGER, J., concurs in the result.