No. 59,575

STATE OF KANSAS, *Appellee*, v. BENJAMIN L. HOLCOMB, *Appellant*.

(732 P.2d 1272)

Opinion filed February 20, 1987.

*Melissa Sheridan*, assistant appellant defender, argued the cause and *Benjamin C. Wood*, chief appellate defender, was with her on the brief for appellant.

*Debra Barnett*, assistant district attorney, argued the cause and *Clark V. Owens*, district attorney, and *Robert T. Stephan*, attorney general, were with her on the brief for appellee.

The opinion of the court was delivered by

HERD, J.: This is a direct appeal by the appellant, Benjamin L. Holcomb, from his jury convictions of aggravated burglary (K.S.A. 21-3716) and aggravated robbery (K.S.A. 21-3427).

On the evening of September 27, 1984, Gregory Benge was at his home in Wichita preparing to go out with a friend, when someone knocked at the door. Benge opened the door and a man, later identified as the appellant, asked for Benge's roommate. Benge told the man that his roommate was not home and started to close the door. At that point, the man shoved the door open, pushed Benge to the floor while holding a gun at his back, handcuffed him, and taped his eyes shut.

Not long thereafter, Benge heard another man (Gary Steen) enter the house. Both men proceeded to go through Benge's belongings, taking numerous items including guns, camera equipment, and jewelry. Meanwhile, David Newman, the friend whom Benge was supposed to go out with, approached the house and knocked at the door. When Newman received no response, he left, but later returned to find Benge and assist him in calling the police.

During subsequent interviews with the police, Benge described his assailant as having brown hair and a beard and weighing 175 to 180 pounds. He also told the police the name "Todd" was used by the unobserved robber in referring to the appellant.

The appellant was originally charged with aggravated robbery but the information was later amended to charge one count each of aggravated robbery and aggravated burglary. A jury found the appellant guilty of both counts and he was sentenced to consecutive terms of fifteen to twenty years for aggravated burglary and fifteen to thirty years for aggravated robbery. The appellant timely appeals his convictions.

The appellant first contends the district court abused its discretion in admitting the rebuttal testimony of Gary Steen.

Mr. Steen testified he and the appellant forcefully entered the home of Gregory Benge on September 27, 1984, and took numerous items, including camera equipment and guns. The appellant argued it was error to admit this testimony because it could have been presented in the State's case in chief.

We recently summarized the rules relating to rebuttal evidence in *State v. Richard,* 235 Kan. 355, Syl. ¶ 1, 681 P.2d 612 (1984):

"Rebuttal evidence is that which contradicts evidence introduced by an opposing party. It may tend to corroborate evidence of a party who first presented evidence on the particular issue, or it may refute or deny some affirmative fact which an opposing party has attempted to prove. It may be used to explain, repel, counteract or disprove testimony or facts introduced by or on behalf of the adverse party. Such evidence includes not only testimony which contradicts the witnesses on the opposite side, but also corroborates previous testimony. The use and extent of rebuttal rests in the sound discretion of the trial court and its ruling will not be reversed unless it appears the discretion has been abused to a party's prejudice."

This court has further held that evidence which could have been admitted in the State's case in chief, but which was not, may be admitted in rebuttal to contradict some new fact or circumstance brought forth in defendant's evidence. *State v. Childers,* 222 Kan. 32, 43, 563 P.2d 999 (1977); *State v. Nirschl,* 208 Kan. 111, 117, 490 P.2d 917 (1971).

The appellant argues Mr. Steen's testimony did not serve to contradict evidence introduced by the appellant, but rather, to corroborate evidence introduced in the State's case in chief.

We do not agree. The State, in its case in chief, introduced the testimony of Gregory Benge, who identified the appellant as one of the men who robbed and burglarized him. The appellant then introduced evidence to show that Benge's identification was unreliable since the appellant did not fit Benge's description of his assailant, and since the appellant's name was not "Todd."

While Steen's rebuttal testimony did serve to corroborate Benge's testimony, it also refuted assertions made by the appellant in his case in chief. The trial court did not abuse its discretion in admitting the rebuttal testimony of Gary Steen.

The appellant next alleges that the charges of aggravated robbery and aggravated burglary are multiplicitous since they arose out of a single wrongful act and because the same continuous act of force was used to establish both convictions.

K.S.A. 1986 Supp. 21-3107 provides the prosecution with the authority to charge the defendant with multiple crimes when the conduct of the defendant, although consisting of a single transaction, may establish the commission of more than one crime.

The test for determining whether a single transaction constitutes two separate and distinct offenses is whether the same evidence is required to sustain each charge. If not, the fact that both charges arise out of the same transaction does not create a single offense. *State v. Freeman,* 236 Kan. 274, 281, 689 P.2d 885 (1984).

The elements necessary to prove aggravated burglary are: (1) The defendant knowingly entered [a building]; (2) the defendant did so without authority; (3) the defendant had the intent to commit a felony therein; and (4) at the time of the unlawful entrance, there was a human being in [the building]. PIK Crim.

2d 59.18 and K.S.A. 21-3716. The elements of aggravated robbery are: (1) The defendant intentionally took property from [Gregory Benge]; (2) the taking was by force; and (3) the defendant was armed with a dangerous weapon. PIK Crim. 2d 56.31 and K.S.A. 21-3427.

An examination of these elements reveals that each offense requires proof of facts not required to prove the other. Accordingly, the charges are not multiplicitous and the trial court did not err in refusing to dismiss either of the charges.

The appellant's final challenge is to the sufficiency of the evidence to support his convictions of aggravated burglary and aggravated robbery. The appellant bases this contention primarily upon the fact that Benge initially described his assailant as having brown hair, yet the appellant has grey hair. Further, appellant points to the fact that Benge reported to the police that the second man (Steen) referred to the first man (appellant) as "Todd," yet the appellant's name is Benjamin.

The standard of review upon this particular challenge was recently stated in *State v. Bell*, 239 Kan. 229, Syl. ¶ 9, 718 P.2d 628 (1986):

"In a criminal action, when the defendant challenges the sufficiency of the evidence to support a conviction, the standard of review on appeal is whether the evidence, viewed in the light most favorable to the prosecution, convinces the appellate court that a rational factfinder could have found the defendant guilty beyond a reasonable doubt. The appellate court looks only to the evidence in favor of the verdict to determine if the essential elements of the charge are sustained."

It is the function of the jury, and not this court, to evaluate the reliability of Benge's identification of the appellant. Further, if Benge's testimony was insufficient, the jury also heard Gary Steen's testimony. Steen clearly identified the appellant as the man who, along with Steen, burglarized and robbed Gregory Benge.

The evidence was sufficient to convict the appellant of the crimes charged. The judgment is affirmed.