No. 46,491

Lewis Edward Coverly, *Appellant*, v. The State of Kansas, *Appellee*.

(493 P. 2d 261)

Opinion filed January 22, 1972.

*Glen I. Tongier,* of Coffeyville, argued the cause and appeared on the briefs for the appellant.

*Richard A. Medley,* Montgomery county attorney, argued the cause, and *Vern Miller,* attorney general, was with him on the brief for the appellee.

The opinion of the court was delivered by

Foth, C.: This is an appeal from a judgment denying appellant's motion to vacate filed under K. S. A. 60-1507. The motion was denied after a plenary hearing at which appellant was present and represented by appointed counsel.

In the spring of 1967 appellant was temporarily residing in the Montgomery county jail awaiting trial on a number of criminal charges. It was then that he embarked upon the venture which led eventually to this case. The jailer was enticed to the cell area by a plea to make a telephone call, and was soon confronted with a pistol at his head. While the jailer and two trusties involuntarily assumed a prone position, appellant made good his escape.

Upon his recapture appellant was separately charged with two new offenses, *viz.,* escaping jail in violation of K. S. A. 21-736, and three counts of assault with intent to commit a felony, in violation of K. S. A. 21-434. The second charge made a separate offense of

each individual assaulted and alleged the jailbreak as the intended felony in each assault charge.

In due course appellant, who was represented by appointed counsel throughout all of the original proceedings, pleaded guilty to charges contained in three separate informations. One plea was to a burglary charge which was challenged in the motion below, but which is not before this court. The second was to the escape charge, which was challenged neither below nor here, but is an essential ingredient of appellant's present contention. The third plea, entered the same day but after the second, was to the assault on the jailer. (The assault charges as to the two trusties were dismissed.) It is the conviction resulting from this third guilty plea that is attacked here.

The claim is that the assault and the jail break were so interwoven as part of one continuous transaction that the state could not separate and make two offenses of them. A conviction of the jail break, appellant claims, barred prosecution for the assault. This claim is based both on the constitutional prohibitions against double jeopardy and on the statutory proscriptions of former K. S. A. 62-1444 and 62-1449.

In support of his double jeopardy argument appellant relies heavily on *State v. Gauger*, 200 Kan. 515, 438 P. 2d 455. It was there held that a person could not be convicted of assault with intent to rob and also robbery, as a result of one completed act of robbery. An assault, it was held, was an essential element of robbery, so that it would necessarily be proven if the robbery were proven.

Appellant's reliance on *Gauger* is misplaced. The test is whether the proof of one offense necessarily proves the other, as was recognized in *Gauger* (p. 525):

". . . This situation is clearly distinguishable from those cases where a single criminal transaction constitutes two separate offenses because evidence required to prove the two offenses would not be the same. (See, *e. g., State v. Brown*, 181 Kan. 375, 312 P. 2d 832 [first degree kidnaping and forcible rape]; *Wagner v. Edmondson*, 178 Kan. 554, 290 P. 2d 98 [assaulting a jailer and jailbreak]; *Wiebe v. Hudspeth*, 163 Kan. 30, 180 P. 2d 315 [statutory rape and incest].)"

*Wagner v. Edmondson*, used as an illustration in the quotation above, is virtually on all fours with this case. The petitioner there had pleaded guilty first to assaulting his jailer, and later to breaking jail. In disposing of the same "single transaction" double jeopardy argument made here the court said:

". . . we note that it has been held that the test concerning whether a single transaction may constitute two separate and distinct offenses is whether the same evidence is required to sustain each charge, and if not, the fact that both charges relate to and grow out of one transaction does not make a single offense where two distinct offenses are defined by statute. See *Hunt v. Hudspeth*, 111 F. 2d 42. See also *McDonald v. Hudspeth*, 129 F. 2d 196, certiorari denied 317 U. S. 665, 87 L. ed. 535, 63 S. Ct. 75, rehearing denied 317 U. S. 709, 87 L. ed. 565, 63 S. Ct. 157, and *Tiller v. Hudspeth*, 131 F. 2d 188, holding that where the same transaction constitutes a violation of two statutory provisions, the test to be applied in determining whether there are two offenses is whether each required proof of a fact which the other does not." (178 Kan. 554 at 555-6.)

The offense of escaping from jail may well be committed without an assault, and an assault with intent to escape may be committed without accomplishing an escape. Since proof of one is not necessary to proof of the other, prosecution for both does not constitute double jeopardy.

What has been said also disposes of appellant's argument under former K. S. A. 62-1444. That statute (replaced now by K. S. A. 1971 Supp. 21-3108) provided:

"When the defendant has been convicted or acquitted upon an indictment or information for an offense consisting of different degrees, the conviction or acquittal shall be a bar to another indictment or information for the offense charged in the former or for any lower degree of that offense, or for an offense necessarily included therein."

This, it may be seen, was a legislative implementation of the constitutional prohibition against double jeopardy found in § 10 of the Bill of Rights of the Kansas Constitution and Amendment 5 of the United States Constitution. Measured by the test outlined above, assault with intent to break jail is not a "lower degree" of jail break, nor is it "necessarily included therein." Hence its prosecution was not barred by the statute.

Appellant's argument under former K. S. A. 62-1449 (also replaced by K. S. A. 1971 Supp. 21-3108) is slightly different. The thrust of the section is double jeopardy, but the operational fact is a trial at which evidence is introduced. As was stated in *State v. McCarther*, 198 Kan. 48, 50, 422 P. 2d 1012:

". . . An essential component of 62-1449, *supra*, is the *admission of evidence* at the first trial. The sense of the statute is that the state may not retry a defendant for any offense which might have been included as an additional count in the information or on which the state might have elected to rely *when evidence thereof was admitted at the first trial*." (Italics in the original.)

Thus if there had been a separate *trial* of the jail break charge at which evidence of the assault had been admitted, subsequent prosecution for the assault would have been barred under the statute. The state's remedy, had the matter gone to trial, would have been to include both charges as separate counts in one information or to have sought a consolidation.

Here, however, there was no trial and no evidence introduced. The statute was therefore inapplicable, as the court below correctly held.

Affirmed.

APPROVED BY THE COURT.