No. 54,170

STATE OF KANSAS, *Appellant,* v. DARREL R. FISHER, *Appellee.*

(661 P.2d 791)

Opinion filed March 26, 1983.

*Kerwin L. Spencer,* assistant county attorney, argued the cause and *Robert T. Stephan,* attorney general, was with him on the brief for appellant.

*Charles E. Watson,* of Wellington, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

MILLER, J.: The Sumner District Court dismissed the com-

plaint in this criminal case with prejudice, holding that under K.S.A. 21-3108(2)(a), this prosecution subjects defendant to double jeopardy. The State of Kansas appeals, pursuant to K.S.A. 22-3602(b)(1). The issue presented is whether defendant's conviction of traffic charges bars his prosecution on criminal charges, separately filed but arising out of the same sequence of events.

The facts, for the purpose of this appeal, are not disputed. The defendant, a truck driver, was stopped for speeding on the Kansas Turnpike in Sumner County by a trooper of the Kansas Highway Patrol on September 23, 1981. While at the scene, the trooper called for aid and a deputy sheriff came to assist him. Apparently the relationship which developed between the officers and the defendant was not one of cordiality. Ultimately, the officers arrested the defendant and took him to the Sumner County jail on charges of disorderly conduct, obstructing legal process, and battery of law enforcement officers.

The trooper issued to defendant a uniform citation and notice to appear, K.S.A. 8-2106, charging him with traffic charges: exceeding the speed limit, K.S.A. 8-1336, and failing to produce and surrender his daily log for inspection, K.S.A. 66-1,129, 66-1,130 and K.A.R. 1981 Supp. 82-4-7a. The uniform citation and notice to appear was filed with the clerk of the district court on September 23, 1981, and became the complaint charging the traffic offenses. K.S.A. 8-2108. This was docketed as Case No. 81 TR 4070, and will be referred to as the traffic case. Meanwhile, the county attorney filed with the clerk of the district court on September 25, 1981, a formal complaint charging the defendant with disorderly conduct, K.S.A. 21-4101, obstructing legal process, K.S.A. 21-3808, and two counts of battery of a law enforcement officer, K.S.A. 21-3413. This was docketed as Case No. 81 CR 351, and is the criminal case now before us. On September 25, the defendant was released upon posting bond for his appearance.

On October 23, 1981, the defendant entered a plea of guilty to the speeding charge, and a plea of nolo contendere to the log book charge; the trial court accepted the pleas and imposed fines; defendant paid the fines and court costs, and the traffic case was thus terminated.

In the criminal case, No. 81 CR 351, the defendant obtained

several continuances and then on January 13, 1982, filed a motion to dismiss the criminal charges on the grounds that the traffic charges and the criminal charges all grew out of the same acts and transaction; that a trial on the criminal charges will require a reexamination of some of the issues of fact determined—and admitted—in the traffic case; and that the criminal charges could have been included along with the traffic charges in a single complaint. The defendant argued that his presence in Sumner County, at a certain milepost on the Kansas Turnpike on the day in question, was one of the elements of each of the criminal charges against him and remaining for trial. Counsel called to the court's attention the cases of *In re Berkowitz,* 3 Kan. App. 2d 726, 602 P.2d 99 (1979), and *State v. Becker,* 1 Kan. App. 2d 671, 573 P.2d 1096 (1977).

The trial judge, after recessing to review the cited cases, announced his decision as follows:

"The Court after careful examination of the statute and the authorities cited to the Court believes that the spirit and the purpose for the adoption of K.S.A. 21-3108 would be violated by allowing the defendant to be prosecuted in regard to this matter; that in fact it would constitute a violation of the statute submitting him to double jeopardy. The legislative history  .  .  .  as discussed in the cases cited show that [the statute] was specifically directed towards a double prosecution  .  .  .  .  This case is one arising out of one transaction. Kansas is apparently in the forefront of adopting the rules that apply to require the joinder of events occurring in a single transaction; and under those circumstances the Court believes that the  .  .  .  defendant's motion is correct and that the motion should be sustained and so rules."

One preliminary matter requires our attention. The State contends that the defendant waived his right to raise the double jeopardy claim by failing to make a motion to dismiss within twenty days of his arraignment. The defendant was arraigned in district court on the three criminal charges on December 1, 1981, and a plea of not guilty was entered. His motion to dismiss was not filed until January 13, 1982, some forty-three days later. The State's argument is based upon K.S.A. 22-3208(4), which provides:

"The motion to dismiss shall be made at any time prior to arraignment or within 20 days after the plea is entered."

A review of the files and records in this case, and of the transcript of the oral argument of counsel when the motion to dismiss was argued to the trial court, discloses that this issue was not raised

before or presented to that court. Ordinarily, this court will not consider an issue raised for the first time on appeal and not presented to the trial court. See *State v. Puckett,* 230 Kan. 596, 598, 640 P.2d 1198 (1982); *Boswell, Inc. d/b/a Reno County Adult Care Home v. Harkins,* 230 Kan. 610, 613, 640 P.2d 1202 (1982); and *State v. Estes,* 216 Kan. 382, 385, 532 P.2d 1283 (1975). Certain exceptions to the rule are enumerated in *Puckett,* 230 Kan. at 598-99, but none of them are applicable here. We see no reason to make any further exception here and we decline to consider this issue.

The controlling issue on this appeal involves the double jeopardy provisions of K.S.A. 21-3108(2)(a), which read:

"(2) A prosecution is barred if the defendant was formerly prosecuted for a different crime, or for the same crime based upon different facts, if such former prosecution:

"(a) Resulted in either a conviction or an acquittal and the subsequent prosecution is for a crime or crimes of which evidence has been admitted in the former prosecution and which might have been included as·other counts in the complaint, indictment or information filed in such former prosecution or upon which the state then might have elected to rely . . . ."

Three elements must be present to bar a subsequent prosecution under this portion of K.S.A. 21-3108(2)(a). First, the prior prosecution must have resulted in a conviction or an acquittal; second, evidence of the present crime must have been introduced in the prior prosecution; and third, the charge in the second prosecution must have been one which could have been charged as an additional count in the prior case. *State v. Calderon,* 233 Kan. 87, 661 P.2d 781 (1983); *State v. Mahlandt,* 231 Kan. 665, Syl. ¶ 2, 647 P.2d 1307 (1982); and *In re Berkowitz,* 3 Kan. App. 2d 726, 602 P.2d 99 (1979).

The first and third elements are present here. The traffic case resulted in the defendant's conviction, by way of pleas of guilty and nolo contendere, of speeding and failing to produce his daily log book for inspection; and the criminal charges of disorderly conduct, obstructing legal process, and battery of law enforcement officers could have been included within the same complaint. The offenses all arose during the same transaction or sequence of events, and it is likely that the initial stop and speeding charge precipitated the subsequent offenses. See K.S.A. 22-3202(1).

The determinative issue is whether the second element is met:

Was evidence of the present crimes introduced in the prior prosecution? As Chief Justice Schroeder notes in his opinion in *State v. Calderon,* the cases which have construed K.S.A. 21-3108(2)(*a*) or its forerunner, K.S.A. 62-1449 (Corrick), have focused upon the admission of evidence at a prior trial as the necessary factor bringing the statute into play. See *In re Berkowitz,* 3 Kan. App. 2d at 742-43; *Coverly v. State,* 208 Kan. 670, 672-73, 493 P.2d 261 (1972); *State v. McCarther,* 198 Kan. 48, 50, 422 P.2d 1012 (1967); *Struble v. Gnadt,* 164 Kan. 587, 590, 191 P.2d 179 (1948); *Claflin v. State,* 154 Kan. 452, 119 P.2d 540 (1941); *State v. Momb,* 154 Kan. 435, 119 P.2d 544 (1941); and *State v. Brown,* 146 Kan. 525, 73 P.2d 19 (1937). Here, there is nothing in the record to indicate that there was *any* evidence introduced before the court when defendant's pleas were entered in the traffic case; there is nothing to indicate that there was any mention of any of the three offenses charged in the criminal case now before us. We hold that the second element of the statute, the introduction of evidence of the present crime in the prior prosecution, is wholly absent from this record.

We have been discussing the applicability of K.S.A. 21-3108(2)(*a*), and its earlier version, K.S.A. 62-1449 (Corrick). Of the latter statute, Justice O'Connor made the following observations in *State v. Ward,* 198 Kan. 61, 63, 422 P.2d 961 (1967):

"The statute was intended to supplement the existing law upon the subject of jeopardy, and by its language applies only where there is a *trial* and evidence of other offenses is admitted." (Emphasis in original.)

The same may also be said of K.S.A. 21-3108(2)(*a*). Although the statutory language has been changed and "prosecution" substituted for "trial," the operative fact is still the *evidence* admitted in the former proceeding. In addition to the statutory provision, however, we also have the constitutional mandate barring prosecution in cases of prior jeopardy.

The doctrine of former jeopardy as a bar to a second prosecution for the same crime is ancient and is said to be one of the universal maxims of the common law. See 22 C.J.S., Criminal Law § 238; and 4 Blackstone, Commentaries 335-36 (15th ed. 1809). It is found in various forms in statutes and in most if not all of the state constitutions. The Fifth Amendment of the United States Constitution provides:

"[N]or shall any person be subject for the same offense to be twice put in jeopardy of life or limb; . . ."

Section 10 of our Kansas Bill of Rights states: "No person shall be . . . twice put in jeopardy for the same offense."

What is jeopardy? K.S.A. 21-3108(1)(c) says in part:

"A defendant is in jeopardy when he or she is put on trial in a court of competent jurisdiction upon an indictment, information or complaint sufficient in form and substance to sustain a conviction, and in the case of trial by jury, when the jury has been impaneled and sworn, or where the case is tried to the court without a jury, when the court has begun to hear evidence."

The statute discusses jeopardy in the context of a contested trial, usually following a plea of not guilty. But is the accused not also in jeopardy when he or she has been convicted of an offense without a contested trial? The answer must be in the affirmative.

In *Cox v. State*, 205 Kan. 867, 473 P.2d 106 (1970), we said at Syl. ¶ 5:

"It is the general rule that an accused is in jeopardy within the meaning of the guarantee against double jeopardy contained in our constitutions when he is put on trial in a court of competent jurisdiction upon an indictment or information sufficient in form and substance to sustain a conviction, and a jury has been empaneled and sworn *or a plea of guilty has been entered.*" (Emphasis supplied.)

It is the general rule that a valid plea of guilty to an indictment, information, or complaint, with its entry on the record, is jeopardy. See discussion in 22 C.J.S., Criminal Law § 248, and cases collected under note 96. The courts appear to be equally divided on the question of whether a plea of nolo contendere, offered, accepted by the court, and entered on the record, bars a later prosecution for the same offense. See 22 C.J.S., Criminal Law § 248, notes 11 and 11.5. A plea of nolo contendere is attended with the same formalities as a plea of guilty. K.S.A. 1982 Supp. 22-3210. Nolo contendere may only be pleaded with the consent of the court. K.S.A. 22-3208(1). The plea is a formal declaration that the accused does not contest the charge. When a court accepts such a plea, it may adjudge the defendant guilty of the charge. K.S.A. 22-3209(2). Once a plea of nolo contendere has been accepted by the court and a finding of guilty has been entered thereon, the accused stands convicted of the offense. While a plea of nolo contendere, unlike a plea of guilty, may not be used as an admission in any other action based on the same act, for all other purposes a conviction based on a plea of nolo

contendere is just like any other conviction. *State v. Holmes*, 222 Kan. 212, 563 P.2d 480 (1977).

We hold that when a defendant has been convicted on a sufficient information or complaint, in a court of competent jurisdiction, either upon a plea of guilty or a plea of nolo contendere and the plea has not been withdrawn, the accused has been in jeopardy and is entitled to the protection afforded by our constitution from additional prosecution for *the same* or an *included offense*, based upon the same facts. For example, one convicted upon a plea of guilty or nolo contendere of manslaughter may not later be charged with murder if the later charge is based upon the same act. Likewise, a similar conviction of attempted murder would bar a prosecution for aggravated battery, and a conviction of rape would bar a prosecution for incest, when the later prosecutions were based upon the same operative facts.

The pleas to the traffic charges in this case, however, do not establish or substantially prove the criminal charges pending against the defendant. The operative facts are different. This case is readily distinguishable from the case of *State v. Becker*, 1 Kan. App. 2d 671, 573 P.2d 1096 (1977), where the defendant entered a plea of guilty to the charge of driving left of center in a separate traffic case, and that conviction was held to bar a subsequent prosecution for aggravated assault on a law enforcement officer arising out of the identical conduct. The Court of Appeals, in its opinion in *Becker*, noted that "exactly the same conduct was the basis of two separate prosecutions." 1 Kan. App. 2d at 673. Such is not the case here.

The defendant contends that the State is barred by the rule of collateral estoppel from relitigating one common issue—the defendant's presence at milepost 19.3 on the Kansas Turnpike in Sumner County at the time and place the crimes allegedly occurred in Sumner County, Kansas.

Defendant relies on the following quotation from the opinion of the United States Supreme Court in *Ashe v. Swenson*, 397 U.S. 436, 443, 25 L.Ed.2d 469, 90 S.Ct. 1189 (1970):

" 'Collateral estoppel' . . . means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit."

The court, however, goes on to explain that

"[T]he rule of collateral estoppel in criminal cases is not to be applied with the hypertechnical and archaic approach of a 19th century pleading book, but with realism and rationality. Where a previous judgment of acquittal was based upon a general verdict, as is usually the case, *this approach requires a court to 'examine the record of a prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter, and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration.'* The inquiry 'must be set in a practical frame and viewed with an eye to all the circumstances of the proceedings.'" 397 U.S. at 444. (Emphasis supplied.)

In *Ashe,* the single issue in dispute before the first trial jury was whether Ashe was one of several robbers. It determined that he was not. That issue was thus determined, and could not be relitigated.

In the case now before us, the exact location within Sumner County is not a critical issue of the criminal prosecution. The speeding charge—to which defendant pleaded guilty—no doubt arose some distance prior to defendant's arrival at the spot where he was stopped. All that is necessary to support the speeding charge is that the offense occurred within Sumner County, in order to give the trial court venue. Defendant's presence within that county on the date specified does not tend to prove or establish the commission of the four criminal charges. Applying the rule with "realism and rationality," we conclude that neither the defendant's guilty plea to the traffic offense of speeding and his conviction thereof nor his log book conviction by way of his plea of nolo contendere prevents the State from proceeding with trial of the four criminal charges, which are entirely separate and distinct.

In the *Berkowitz* opinion we find the following illuminating discussion:

"Where the same evidence is common to two or more distinct offenses but standing alone does not substantially prove them, its use in one prosecution will not bar a subsequent prosecution for a different offense and its use therein. . . . The object of the statute is simply to prevent the prosecution from substantially proving a crime in a trial in which that crime is not charged, and then prosecuting the defendant—in effect retrying him—for the same offense in a trial where it is charged." 3 Kan. App. 2d at 743.

We conclude that neither the provisions of K.S.A. 21-3108(2)(*a*) nor the double jeopardy provisions of the Kansas and the United States Constitutions prevent the State from prosecuting Fisher on the criminal charges, and that the trial court erred in dismiss-

ing the complaint. The judgment is reversed, and the case is remanded to the district court for further proceedings in conformity with this opinion.