No. 58,291

STATE OF KANSAS, *Appellant*, v. JILL BRUENINGER, *Appellee*.

(710 P.2d 1325)

Opinion filed December 6, 1985.

*Deryl W. Wynn*, legal intern, argued the cause, and *Robert T. Stephan*, attorney general, *Gene M. Olander*, district attorney, and *Arthur R. Weiss*, assistant district attorney, were with him on the brief for appellant.

*John C. Humpage*, of Humpage, Berger and Hoffman, of Topeka, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

HERD, J.: This is an appeal by the State from an order of the Shawnee County District Court dismissing a charge of driving under the influence (K.S.A. 1984 Supp. 8-1567) against Jill Brueninger.

The facts giving rise to this dispute are as follows:

On February 2, 1985, officer William Beasley of the Rossville Police Department observed a vehicle driven by the appellee Jill Brueninger enter an intersection without stopping for a flashing red light. The officer followed the vehicle and observed it traveling left of the center line of the highway. About one-half

mile outside of Rossville, Officer Beasley attempted to stop Ms. Brueninger by turning on his siren. She did not slow down but continued at approximately 60 miles per hour toward the City of Silver Lake. The officer then radioed the Shawnee County Sheriff's Dispatcher for assistance. Less than one mile outside of Silver Lake a second officer had set up a roadblock. He was forced to retreat from it as Brueninger failed to slow her vehicle.

Appellee's vehicle finally came to a stop at an intersection located west of Silver Lake, within Shawnee County. Officer Beasley, upon approaching the appellee's vehicle, smelled a strong odor of alcohol and noted from her actions that she appeared to be under the influence of alcohol. Ms. Brueninger consented to a field sobriety test, after which she was arrested and taken to the Shawnee County Sheriff's Department.

Ms. Brueninger was charged by the City of Rossville with (1) failure to stop at a flashing red light; (2) driving left of center; and (3) fleeing or attempting to elude a police officer. Shawnee County charged her with driving under the influence of alcohol or drugs.

Although the City of Rossville did not charge the appellee with driving under the influence, some evidence of her intoxicated condition was introduced during the Rossville proceedings. The Rossville City Attorney, during direct examination, questioned Officer Beasley regarding what he observed when he stopped the defendant. The officer testified as follows:

"Q. What did you observe after that?
"A. I could smell the strong odor of alcoholic beverages and noticed that the eyes were bloodshot and extremely dilated. She had a considerable amount of trouble obtaining her driver's license from her wallet and at that time I asked the driver to consent to a field sobriety test.
"Q. Was the Defendant cooperative with you at all times?
"A. Yes, she was.
"Q. And what did you—what did you advise her of before your field sobriety test?
"A. I'm sorry, I misunderstood.
"Q. Never mind, that's okay. I'll withdraw the question."

Upon cross-examination, the following exchange took place between defense counsel John Humpage and Officer Beasley:

"Q. You indicated on direct examination that of course after the vehicle stopped you got this young lady out of the car, you detected some alcoholic beverage?
"A. That's correct.

"Q. And of course you asked her to submit to a field sobriety test which she consented to, is that correct?

"A. That's correct.

"Q. Now, did she take this field sobriety test at your direction out there on the highway?

"A. Yes, she was—we were between her car—the back of her car and the front of my car.

"Q. And we're talking about finger to nose, heel to toe, forward to backward."

At this point the City objected on the grounds the testimony was not relevant to the charges brought against appellee in municipal court. The court permitted appellee further limited inquiry regarding the DUI charge:

"Q. Anyway, to make a long story short, Mr. Beasley, at some point after you stopped the Defendant in the early morning hours of the second you arrested her and took her to the Shawnee County Sheriff's Office, is that correct?

"A. This is correct.

"Q. One of the charges—there were three charges—there were four in number but one of the charges, D.U.I., you made a request subsequent to the arrest out in Silver Lake that she take a chemicals test, correct?

"A. That's correct.

"Q. Now, you take her to the station to take the chemicals test, thereafter you booked her in Shawnee County, charged her with driving under the influence, correct?

"A. Correct."

At the Rossville hearing, appellee was convicted of failure to stop at a flashing red light and driving left of center. The court held it was without jurisdiction to convict Brueninger of fleeing or attempting to elude a police officer since the conduct occurred outside of the Rossville city limits.

On May 22, 1985, Ms. Brueninger filed a motion to dismiss the Shawnee County charge of driving under the influence. The district court sustained the motion, dismissing the charge pursuant to K.S.A. 21-3108(2)(a). The district court held that the DUI charge resulted from incidents from which appellee was found guilty in the Rossville municipal court, and the appellee could have been charged in the Rossville proceeding. Therefore, the court held the double jeopardy provisions of K.S.A. 21-3108(2)(a) applied to bar the Shawnee County DUI charge.

The sole issue on appeal is whether the prior municipal court proceedings bar the appellee from being prosecuted in Shawnee County for driving under the influence of alcohol or drugs.

This issue is controlled by K.S.A. 21-3108(2)(a), which provides:

"(2) A prosecution is barred if the defendant was formerly prosecuted for a different crime, or for the same crime based upon different facts, if such former prosecution:

"(a) Resulted in either a conviction or an acquittal and the subsequent prosecution is for a crime or crimes of which evidence has been admitted in the former prosecution and which might have been included as other counts in the complaint, indictment or information filed in such former prosecution or upon which the state then might have elected to rely; or was for a crime which involves the same conduct, unless each prosecution requires proof of a fact not required in the other prosecution . . . ."

Before considering the arguments of the parties, it is helpful to review previous decisions regarding K.S.A. 21-3108(2)(a).

The Court of Appeals in *In re Berkowitz*, 3 Kan. App. 2d 726, 602 P.2d 99 (1979), extensively reviewed the law of double jeopardy under the Fifth and Fourteenth Amendments and its historical background. The court then related this background to the law of double jeopardy as it currently exists in Kansas. Critical to this analysis was the court's determination that K.S.A. 21-3108(2)(a) incorporates two key concepts—the compulsory joinder rule and the identity of elements rule. The Court of Appeals noted that these rules are both embodied in one sub-section with two clauses separated by a semicolon. 3 Kan. App. 2d at 741.

The distinction between the compulsory joinder rule and the identity of elements test was recognized in *Coverly v. State*, 208 Kan. 670, 493 P.2d 261 (1972), and in *State v. Edgington*, 223 Kan. 413, 573 P.2d 1059 (1978).

The "same evidence" or identity of elements test is incorporated in the second clause of K.S.A. 21-3108(2)(a). It provides that where the same act or transaction constitutes a violation of two statutory provisions, the test for determining whether there are two offenses or only one is whether each provision requires proof of a fact which the other does not. *Coverly v. State*, 208 Kan. at 672; *State v. Edgington*, 223 Kan. at 416. Where one statute requires proof of a fact which the other does not, then one offense is not a bar to the prosecution of the other on the ground of double jeopardy. *State v. Mourning*, 233 Kan. 678, 679, 664 P.2d 857 (1983).

The first clause of K.S.A. 21-3108(2)(a) concerns compulsory joinder and provides that if evidence is admitted at the prior prosecution of an offense not contained in the charge, later

prosecution of that offense is barred if it could have been included as an additional count in the prior prosecution. *In re Berkowitz,* 3 Kan. App. 2d at 742.

We have held this rule requires the presence of three elements. First, the prior prosecution must have resulted in a conviction or acquittal; second, evidence of the present crime must have been introduced in the prior prosecution; and third, the charge in the second prosecution must have been one which could have been charged as an additional count in the prior case. *State v. Freeman,* 236 Kan. 274, 286, 689 P.2d 885 (1984); *State v. Calderon,* 233 Kan. 87, 89, 661 P.2d 781 (1983); *State v. Fisher,* 233 Kan. 29, 32, 661 P.2d 791 (1983).

The object of the compulsory joinder statute is to prevent the prosecution from substantially proving a crime in a trial in which that crime is not charged and then retrying the defendant for the same offense in a trial where it is charged. *State v. Mahlandt,* 231 Kan. 665, 668, 647 P.2d 1307 (1982); *In re Berkowitz,* 3 Kan. App. 2d at 743.

Thus, in determining whether K.S.A. 21-3108(2)(a) bars the Shawnee County prosecution of the appellee for driving under the influence of alcohol or drugs, we must consider and apply both clauses of K.S.A. 21-3108(2)(a).

## The "Same Evidence" Test

In applying the identity of elements test, we look at whether the appellee will be put twice in jeopardy for the same offense. If one statute requires proof of a fact which the other does not, then there is no bar to the prosecution of both.

The following has been said regarding the identity of elements test:

" 'A common test of the application of double jeopardy is the substantial identity of the former and subsequent offenses, and this is ordinarily measured by the character and effect of the evidence in each case. If the evidence which will support a conviction in the subsequent prosecution would have supported a conviction of the crime charged or an included offense in the former prosecution, then the second prosecution is substantially identical to the former and a conviction or acquittal in the former is a bar. Thus, one cannot be twice prosecuted for crimes involving the same conduct, unless in *each prosecution* facts must be proven which are not necessary to the other prosecution.' " *State v. Becker,* 1 Kan. App. 2d 671, 673, 573 P.2d 1096 (1977), quoting Spring, *The Effect of Former Prosecutions: Something Old and Something New Under Kan. Stat. Ann. Sec. 21-3108,* 9 Washburn L.J. 179, 185 (1970).

Therefore, the question we must answer is whether facts must be proven in the Shawnee County DUI prosecution which were not necessary for conviction of the offenses for which appellee was charged in the Rossville municipal court and vice versa.

We have held that in order to support a conviction for driving under the influence of alcohol or drugs three elements must be proven: First, the defendant operated the vehicle; second, the defendant was under the influence of alcohol or drugs while operating the vehicle; and third, the operation took place within the jurisdiction of the court. *State v. Mourning,* 233 Kan. at 681. "Under the influence of alcohol" has been defined to mean that the defendant's physical or mental function was so impaired by the consumption of alcohol that he was unable to safely drive a vehicle. *State v. Reeves,* 233 Kan. 702, 704, 664 P.2d 862 (1983).

In the instant case, the offenses for which the appellee was charged in Rossville municipal court had one common element with the DUI charge—that being the appellee must have operated the vehicle. However, it is not necessary to prove the driver was under the influence of alcohol or drugs in order to convict Ms. Brueninger of driving left of center or failure to stop at a flashing red light. Likewise, it is not necessary to prove appellee drove erratically to obtain a DUI conviction.

Our reasoning in *State v. Mourning,* 233 Kan. 678, is instructive. In *Mourning,* the defendant was charged with four traffic offenses: (1) speeding; (2) failure to drive completely within marked lanes; (3) reckless driving; and (4) driving under the influence of alcohol or drugs.

The defendant pled guilty to the first three charges and a trial date was set for the charge of driving under the influence of alcohol or drugs. The trial court dismissed that charge on the ground it was barred by K.S.A 21-3108(2)(a) because the prior offense of reckless driving arose out of the same conduct.

This court determined that the two offenses required different evidence for a conviction and, therefore, conviction of one did not bar a subsequent prosecution for the other. We held:

"The two offenses require different evidence for a conviction. To violate 8-1567 one needs only to operate a vehicle while his mental or physical capacity to function is impaired by alcohol or drugs to the extent he is no longer capable of safely driving the vehicle. It is unnecessary to prove, in addition, that the vehicle was driven in a reckless manner, *although such driving may constitute circumstantial evidence the driver was under the influence of alcohol or drugs.* On the

other hand, to obtain a conviction for reckless driving under 8-1566 it is only necessary to establish that the vehicle was driven in willful or wanton disregard for the safety of others; in other words, under circumstances that show a realization of the imminence of danger and a reckless disregard or complete indifference for the probable consequences of such conduct. Proof is not required that the driver was under the influence of alcohol or drugs." 233 Kan. at 681-82. (Emphasis added.)

This court went on to point out that it is only the *driving* of a vehicle while under the influence of alcohol which is proscribed by 8-1567 and it is unnecessary to swerve all over the road or drive through another's yard to be guilty of driving under the influence of alcohol or drugs.

In the instant case, as in *Mourning*, it is not necessary to prove the appellee drove left of center or failed to stop at a flashing red light in order to prove she was driving under the influence of alcohol or drugs. However, such evidence may constitute circumstantial evidence that the driver was under the influence of alcohol or drugs.

For comparison purposes, consider *State v. Becker*, 1 Kan. App. 2d 671. There, the defendant pled guilty to a driving left of center charge. This same charge was later used as the basis for a charge of aggravated assault on a law enforcement officer. (Defendant had driven left of center and forced an approaching patrol car off the roadway.)

The Court of Appeals held the defendant had been subjected to double jeopardy and reasoned as follows:

"In the case at bar exactly the same conduct was the basis of two separate prosecutions. In the assault charge, the driving left of center was the threat or attempt to do bodily harm—the overt act under the particular circumstances. According to the state's evidence, we do not have a situation where early in the chase and prior to the commission of the alleged assault the defendant drove his vehicle on the left half of the highway. Proof of the assault charge would have supported and included the traffic charge. Nothing was needed to be proven in the traffic count which was not necessary in the felony charge. The evidence in the latter would have supported conviction of the former. Thus, defendant could not be convicted of both charges and the latter prosecution must be voided." 1 Kan. App. 2d at 673.

The present case is distinguishable. Here, the facts required to prove the DUI charge were not necessarily the same as those needed to prove the traffic offenses charged in the Rossville municipal court.

We hold the State was not barred from prosecuting the DUI

charge in Shawnee County under the identity of elements test.

## Compulsory Joinder Rule

Let us now turn to the second step of the two-step approach provided for in K.S.A. 21-3108(2)(a) and consider the compulsory joinder clause of the statute to determine if the three requirements set out earlier have been met.

Neither party disputes the presence of the first element, which requires the prior prosecution to have resulted in conviction or acquittal. The Rossville municipal court proceedings clearly ended in a conviction of the appellee on two charges. The parties do disagree, however, as to the presence or absence of the second and third elements.

The key to the application of the compulsory joinder clause appears to be in consideration of the second element—whether evidence of the present crime was introduced in the prior prosecution. *State v. McCarther,* 198 Kan. 48, 422 P.2d 1012 (1967).

The State contends Brueninger has failed to meet the second element of K.S.A. 21-3108(2)(a). The State suggests this requirement contemplates the introduction of substantial evidence by the prosecution to facilitate a conviction of the existing charges.

The State does not deny that at the municipal court trial the State's witness, Officer Beasley, expressed his observations regarding the physical condition of appellee. Officer Beasley noted that he had smelled a strong odor of alcohol, the appellee had difficulty obtaining her driver's license from her wallet and her eyes were bloodshot and extremely dilated. Additionally, he testified he asked appellee to participate in a field sobriety test. The State argues it was appellee who made significant inquiries regarding the factual basis for the DUI charge and that those inquiries took place over the objection of the prosecution. While there is substance to this argument, it must be remembered the prosecution first offered evidence of DUI, thereby opening the subject for cross-examination.

The question thus becomes whether the evidence admitted at the Rossville proceeding was significant evidence of another crime, *i.e.,* the DUI charge pending against appellee in Shawnee County. Considering the testimony of Officer Beasley and his cross-examination by the appellee, it is clear the evidence admitted pertaining to driving under the influence was significant.

The third element requires a finding that the charge in the

second prosecution could have been charged as an additional count in the prior case.

The trial court found, based on the State's affidavit, that the DUI charge could have been charged as an additional count in the prior case. There is support for this finding. The City of Rossville has adopted the Standard Traffic Ordinance for Kansas Cities. Article 6, sec. 30 of this ordinance prohibits driving under the influence of intoxicating liquor or drugs. Officer Beasley observed the appellee's erratic behavior while she was still within the Rossville city limits. Thus, the third element necessary to bar a subsequent prosecution under the compulsory joinder clause is present here.

We hold the Shawnee County prosecution of appellee for driving under the influence of alcohol or drugs constitutes double jeopardy under K.S.A. 21-3108(2)(a).

The judgment of the trial court is affirmed.

McFARLAND, J., dissenting in part and concurring in part: I concur with the majority opinion's rationale and conclusion reached under the same evidence test. I disagree with the result reached by the majority opinion in its application of the compulsory joinder rule. I would reverse the district court and remand the case for trial.