No. 78,083

STATE OF KANSAS, *Appellant*, v. TRACEY TODD, *Appellee*.
(941 P.2d 1374)

Opinion filed July 11, 1997.

*Micheal A. Ireland*, county attorney, argued the cause, and *Lee K. Durham*, legal intern, and *Carla J. Stovall*, attorney general, were with him on the brief for appellant.

*Margie J. Phelps*, of Topeka, argued the cause, and *Jonathan B. Phelps* and *Chris R. Davis*, of Phelps—Chartered, of Topeka, were on the brief for appellee.

The opinion of the court was delivered by

ALLEGRUCCI, J.: This is an appeal by the State from the district court's order dismissing a complaint against Tracey Todd for driving under the influence of alcohol (second offense), in violation of K.S.A. 1996 Supp. 8-1567. This court has jurisdiction pursuant to K.S.A. 22-3602(b)(1), which authorizes an appeal to the Supreme Court by the prosecution from an order of the district court dismissing a complaint.

A "Uniform Notice to Appear and Complaint," ticket No. 0188, was issued to Tracey Todd on September 13, 1996. It was the basis for case No. 96TR1120 in Jackson County District Court. Todd was cited for "Operating a Vehicle Under the Influence of Alcohol," a misdemeanor in violation of K.S.A. 1996 Supp. 8-1567.

The parties agree that a separate ticket was issued by the arresting officer. The separate ticket was for the traffic infraction of

refusing to submit to a preliminary breath test, K.S.A. 1996 Supp. 8-1012. The parties further agree that Todd did not appear in municipal court, did not contest the infraction, and mailed in payment of the fine.

In the district court, an amended complaint was filed, alleging that Todd was driving under the influence of alcohol and/or drugs on September 13, 1996, "having previously entered into a diversion agreement for driving under the influence on November 2, 1994."

A transcript of proceedings on November 18, 1996, shows that a motion to dismiss was filed on behalf of Todd at some time before the hearing. In his presentation to the district court, defense counsel argued "that the compulsory joinder rule as [expounded] upon in the *Brueninger* case would require a dismissal pursuant to K.S.A. 21-3108(2)(a)." The district court added and defense counsel agreed: "In that the same evidence was presented or would have been presented in the Municipal Court case." In *State v. Brueninger*, 238 Kan. 429, 710 P.2d 1325 (1985), the district court driving under the influence (DUI) case was dismissed because evidence pertaining to defendant's DUI had been presented in municipal court where defendant was convicted of failure to stop at a flashing red light and driving left of center, all of which arose out of the same incident.

The district court concluded that Todd's conceding the allegations by not contesting the municipal court charge was conceptually indistinguishable from evidence actually being presented. The journal entry of dismissal states in part: "[T]he above-captioned matter is dismissed on the grounds set forth in defendant's motion to dismiss on grounds of former jeopardy and the Court's oral statements in its ruling of November 18, 1996."

The sole question raised in this appeal is whether Todd's previous plea of no contest in municipal court to the traffic infraction of refusing to submit to a preliminary breath test was a barrier to his prosecution in district court for DUI arising out of the same incident. K.S.A. 1996 Supp. 8-1012 provides, in part:

"A law enforcement officer may request a person who is operating . . . a vehicle within this state to submit to a preliminary screening test of the person's breath to determine the alcohol concentration of the person's breath if the officer

has reasonable grounds to believe that the person: (a) Has alcohol in the person's body . . . . Refusal to take and complete the test as requested is a traffic infraction."

The sanctions for refusing to take a preliminary breath test are a fine and suspension of driving privileges. The uniform fine schedule for traffic infractions sets $30 as the fine for refusing to submit to a preliminary breath test. K.S.A. 1996 Supp. 8-2118(c). K.S.A. 1996 Supp. 8-1014(a) provides: "Except as provided by subsection (d) . . . , if a person refuses a test, the division, pursuant to K.S.A. 8-1002 . . . shall suspend the person's driving privileges for one year."

In district court, Todd was charged with DUI, second offense. K.S.A. 1996 Supp. 8-1567(a) prohibits driving under the influence of alcohol. K.S.A. 1996 Supp. 8-1567(e) provides:

"On a second conviction of a violation of this section, a person shall be guilty of a class A, nonperson misdemeanor and sentenced to not less than 90 days nor more than one year's imprisonment and fined not less than $500 nor more than $1,000. The five days' imprisonment mandated by this subsection may be served in a work release program only after such person has served 48 consecutive hours' imprisonment, provided such work release program requires such person to return to confinement at the end of each day in the work release program. Except as provided in subsection (g), the person convicted must serve at least five consecutive days' imprisonment before the person is granted probation, suspension or reduction of sentence or parole or is otherwise released. As a condition of any grant of probation, suspension of sentence or parole or of any other release, the person shall be required to enter into and complete a treatment program for alcohol and drug abuse as provided in K.S.A. 8-1008, and amendments thereto."

K.S.A. 1996 Supp. 8-1567(g) authorizes placement under a house arrest program after the defendant "has served 48 consecutive hours' imprisonment." K.S.A. 1996 Supp. 8-1567(l) mandates suspension of driving privileges according to 8-1014. Subsection (b)(2) of 8-1014 provides that for a DUI conviction, the division of vehicles "shall . . . on the person's second . . . occurrence, suspend the person's driving privileges for one year." Subsection (d) of 8-1014 prohibits making suspension periods cumulative or otherwise imposing them consecutively.

The statute cited by the district court in dismissing the DUI charge against Todd was K.S.A. 21-3108(2)(a). Referring to the

compulsory joinder aspect of the statute, this court has stated that its purpose is to prevent "the prosecution from substantially proving a crime in a trial in which the crime is not charged, and then in effect retrying the defendant for the same offense in a trial where it is charged." *State v. Mahlandt,* 231 Kan. 665, Syl. ¶ 1, 647 P.2d 1307 (1982). K.S.A. 21-3108(2)(a) provides, in part:

"(2) A prosecution is barred if the defendant was formerly prosecuted for a different crime, . . . if such former prosecution:

(a) Resulted in . . . a conviction . . . and the subsequent prosecution is for a crime . . . of which evidence has been admitted in the former prosecution and which might have been included as [another count] in the complaint . . . filed in such former prosecution or upon which the state then might have elected to rely; or was for a crime which involves the same conduct, unless each prosecution requires proof of a fact not required in the other prosecution . . . ."

Interpretation of the statute is a question of law, for which this court's review is unlimited. *Todd v. Kelly,* 251 Kan. 512, 515, 837 P.2d 381 (1992).

Both parties cite *State v. Brueninger,* 238 Kan. 429. In that case, the defendant drove through Rossville where a police officer saw her ignore a flashing red light and travel left of the center line. The officer stopped her outside the Rossville city limits in Shawnee County. Brueninger appeared to be under the influence of alcohol or drugs. She consented to a field sobriety test, and then she was arrested. She was charged in Rossville with the traffic infractions and in Shawnee County District Court with DUI. At the trial in Rossville municipal court, "some evidence of her intoxicated condition was introduced." 238 Kan. at 430. She was convicted of failure to stop at a flashing red light and driving left of center. Later, the district court in Shawnee County dismissed the DUI charge "pursuant to K.S.A. 21-3108(2)(a)." 238 Kan. at 431. The question for this court was whether the prior municipal court proceedings barred the DUI prosecution in district court.

This court's analysis began with the declaration that the issue was controlled by K.S.A. 21-3108(2)(a). The statute "incorporates two key concepts—the compulsory joinder rule and the identity of elements rule." 238 Kan. at 432. The rules are separated by a semicolon in subsection (a). The court proceeded to consider and apply

both clauses to determine if either barred the State from prosecuting the defendant for DUI.

The identity of elements rule, also called the same evidence test in the *Brueninger* opinion, is often identified as a question of merger. The standard the court applied determines whether *each* statute requires proof of a fact which the other does not. This may be seen in the quotation from Spring, *The Effect of Former Prosecutions: Something Old and Something New Under Kan. Stat. Ann. Sec. 21-3108*, 9 Washburn L.J. 179, 185 (1970): " ' "Thus, one cannot be twice prosecuted for crimes involving the same conduct, unless in each prosecution facts must be proven which are not necessary to the other prosecution." ' " 238 Kan. at 433. It also may be seen in the court's reiteration of the issue: "Therefore, the question we must answer is whether facts must be proven in the Shawnee County DUI prosecution which were not necessary for conviction of the offenses for which appellee was charged in the Rossville municipal court *and vice versa*." (Emphasis added.) 238 Kan. at 434. The court concluded that "the facts required to prove the DUI charge were not necessarily the same as those needed to prove the traffic offenses charged in the Rossville municipal court." 238 Kan. at 435. Thus, the court held that "the State was not barred from prosecuting the DUI charge in Shawnee County under the identity of elements test." 238 Kan. at 435-36.

The compulsory joinder rule requires the presence of three elements:

"First, the prior prosecution must have resulted in a conviction or acquittal; second, evidence of the present crime must have been introduced in the prior prosecution; and third, the charge in the second prosecution must have been one which could have been charged as an additional count in the prior case. [Citations omitted.]" 238 Kan. at 433.

It was not disputed that the Rossville proceedings resulted in convictions for Brueninger. With respect to the second element, the State conceded that evidence of defendant's intoxication was admitted in the Rossville proceedings. The State argued, however, that the evidence was principally introduced in response to defense counsel's questions and, therefore, should not bar the subsequent prosecution. This court disagreed: "[T]he prosecution first offered

evidence of DUI, thereby opening the subject for cross-examination." 238 Kan. at 436. With respect to the third element, the court determined that there was support for the district court's finding that the DUI charge could have been charged as an additional count in the Rossville proceedings. The district court based its finding "on the State's affidavit." 238 Kan. at 437. This court looked to other sources—the traffic ordinance of Rossville that prohibited DUI and the officer's observing Brueninger driving erratically within the Rossville city limits. Thus, with all three elements necessary to bar a subsequent prosecution under the compulsory joinder clause present, the court held that the Shawnee County DUI prosecution constituted double jeopardy.

An expanded compulsory joinder rule was the basis for dismissal of the DUI charge in the present case. Identity of elements was not discussed by the district court. The circumstances in the present case differ from those in *Brueninger* in that there was no trial and no presentation of evidence in the municipal proceedings against Todd. With regard to this distinction, the district court expressed the belief that the second element of the compulsory joinder rule extended or would have extended to evidence which would have been presented had there been occasion to do so:

"I'm inclined to think that these charges are—fall within the second part of the required joinder based on the same evidence, the rationale that's set out in *Brueninger.*

. . . .

". . . I am expanding the parameters of the test and say evidence that would have been produced."

In response to the State's arguments against extending the *Brueninger* rule to cases where there had been no presentation of evidence in the first prosecution, the district court stated: "And if you consider the best economy of justice, following your rationale, then no one would enter pleas to anything because having done so they would close the avenue and opportunity for a defense on a prosecution of double jeopardy."

The district court's reasoning fails to take into consideration that the bar to subsequent prosecution set out in K.S.A. 21-3108(2)(a) is but one of many faces and forms of prior jeopardy. The following

statement in *State v. Fisher*, 233 Kan. 29, 35, 661 P.2d 791 (1983), illustrates this point:

"[W]hen a defendant has been convicted on a sufficient information or complaint, in a court of competent jurisdiction, either upon a plea of guilty or a plea of nolo contendere and the plea has not been withdrawn, the accused has been in jeopardy and is entitled to the protection afforded by our constitution from additional prosecution for *the same* or an *included offense*, based upon the same facts. For example, one convicted upon a plea of guilty or nolo contendere of manslaughter may not later be charged with murder if the later charge is based upon the same act. Likewise, a similar conviction of attempted murder would bar a prosecution for aggravated battery, and a conviction of rape would bar a prosecution for incest, when the later prosecutions were based upon the same operative facts."

Although Todd argues that he was prosecuted twice for the same conduct, and therefore would come within the scope of *Fisher*, he was not. His argument is based on the requirement that the stopping officer must have reasonable cause to believe a defendant had alcohol in his or her system in order for the defendant's refusal to submit to a preliminary breath test to constitute an infraction. Todd contends that it is virtually identical to the DUI offense, which requires that a defendant have alcohol or drugs in his or her body. He ignores the difference between the refusing conduct, which is the essence of the traffic infraction, and the operating or attempting to operate a vehicle conduct, which is the essence of the DUI offense. This court's opinion in *Fisher* also serves to illustrate this point. Fisher was stopped and ticketed for speeding, and his belligerent behavior following the stop resulted in his also being prosecuted for failing to produce his log book for inspection—a traffic charge—and the criminal charges of disorderly conduct, obstructing legal process, and battery of law enforcement officers. Rejecting the contention that Fisher was being prosecuted twice for the same or included offenses, we stated:

"The pleas to the traffic charges in this case, however, do not establish or substantially prove the criminal charges pending against the defendant. The operative facts are different. This case is readily distinguishable from the case of *State v. Becker*, 1 Kan. App. 2d 671, 573 P.2d 1096 (1977), where the defendant entered a plea of guilty to the charge of driving left of center in a separate traffic case, and that conviction was held to bar a subsequent prosecution for aggravated assault on a law enforcement officer arising out of the identical conduct. The

Court of Appeals, in its opinion in *Becker*, noted that 'exactly the same conduct was the basis of two separate prosecutions.' 1 Kan. App. 2d at 673. Such is not the case here." 233 Kan. at 35.

On appeal, the State quotes from *Coverly v. State*, 208 Kan. 670, 493 P.2d 261 (1972), for the proposition that evidence actually produced at a trial of the former prosecution is "[t]he key element" of the compulsory joinder rule. When Coverly was recaptured after a jail break in which he held a gun to a guard's head, he was charged in separate informations with escape and assault. On the same day, he pled guilty first to escape and then to assault. In a K.S.A. 60-1507 motion, Coverly argued that conviction of escape barred prosecution for assault. The portion of his argument that is pertinent here was framed under former K.S.A. 62-1449 (Corrick), which was replaced by 21-3108. The court rejected his theory:

"The thrust of the section is double jeopardy, but the operational fact is a trial at which evidence is introduced. As was stated in *State v. McCarther*, 198 Kan. 48, 50, 422 P.2d 1012:

'. . . An essential component of 62-1449, *supra*, is the *admission of evidence* at the first trial. The sense of the statute is that the state may not retry a defendant for any offense which might have been included as an additional count in the information or on which the state might have elected to rely *when evidence thereof was admitted at the first trial.*' . . .

"Thus if there had been a separate *trial* of the jail break charge at which evidence of the assault had been admitted, subsequent prosecution for the assault would have been barred under the statute. The state's remedy, had the matter gone to trial, would have been to include both charges as separate counts in one information or to have sought a consolidation.

"Here, however, there was no trial and no evidence introduced. The statute was therefore inapplicable, as the court below correctly held." 208 Kan. at 672-73.

Thus, under 62-1449, the requirement that evidence be admitted in the former prosecution could not be satisfied by entry of a plea, which amounted to an admission of the allegations against defendant. The conversion of 62-1449 into 21-3108(2)(a) when Kansas developed its modern criminal code did not alter the substance of the statute. In *Fisher*, we said:

"We have been discussing the applicability of K.S.A. 21-3108(2)(*a*), and its earlier version, K.S.A. 62-1449 (Corrick). Of the latter statute; Justice O'Connor

made the following observations in *State v. Ward*, 198 Kan. 61, 63, 422 P.2d 961 (1967):

'The statute was intended to supplement the existing law upon the subject of jeopardy, and by its language applies only where there is a *trial* and evidence of other offenses is admitted.' (Emphasis in original.)

The same may also be said of K.S.A. 21-3108(2)(a). Although the statutory language has been changed and 'prosecution' substituted for 'trial,' the operative fact is still the *evidence* admitted in the former proceeding." 233 Kan. at 33.

Because the aspect of double jeopardy codified in 62-1449 remained intact and unchanged with the adoption of 21-3108(2)(a), the rule of *Coverly* was not altered by the statutory shift. Todd has made no effort to distinguish *Coverly*. Nor has he cited any authority contrary to its central holding—that the statutory bar of a subsequent prosecution on a different offense applies only where evidence actually has been admitted in the former prosecution. Thus, the second element of the compulsory joinder rule—whether evidence of Todd's DUI was introduced in the prior prosecution for his refusing the preliminary breath test—was not present.

In arguing that the second element of the compulsory joinder rule was present in his case, Todd sought to distinguish *Fisher*, 233 Kan. 29. In *Fisher*, this court held that the second element was "wholly absent" from the record. 233 Kan. at 33. Todd argues that the absence was not due to defendant's entering pleas of guilty and no contest to the traffic charges. Instead, he argues, it was due to the happenstance that there was no overlap of the traffic and district court charges. Fisher's charges all arose out of the same incident. He was charged with the traffic infractions of speeding and failing to produce his log book for inspection, and he was charged with disorderly conduct, obstructing legal process, and battery of law enforcement officers. The court stated: "The offenses all arose during the same transaction or sequence of events, and it is likely that the initial stop and speeding charge precipitated the subsequent offenses." 233 Kan. at 32. The court's discussion of the second element of the compulsory joinder rule continued as follows:

"Was evidence of the present crimes introduced in the prior prosecution? As Chief Justice Schroeder notes in his opinion in *State v. Calderon*, [233 Kan. 87, 661

P.2d 781 (1983),] the cases which have construed K.S.A. 21-3108(2)(*a*) or its forerunner, K.S.A. 62-1449 (Corrick), have focused upon the admission of evidence at a prior trial as the necessary factor bringing the statute into play. See *In re Berkowitz*, 3 Kan. App. 2d at 742-43; *Coverly v. State*, 208 Kan. 670, 672-73, 493 P.2d 261 (1972); *State v. McCarther*, 198 Kan. 48, 50, 422 P.2d 1012 (1967); *Struble v. Gnadt*, 164 Kan. 587, 590, 191 P.2d 179 (1948); *Claflin v. State*, 154 Kan. 452, 119 P.2d 540 (1941); *State v. Momb*, 154 Kan. 435, 119 P.2d 544 (1941); and *State v. Brown*, 146 Kan. 525, 73 P.2d 19 (1937). Here, there is nothing in the record to indicate that there was *any* evidence introduced before the court when defendant's pleas were entered in the traffic case; there is nothing to indicate that there was any mention of any of the three offenses charged in the criminal case now before us. We hold that the second element of the statute, the introduction of evidence of the present crime in the prior prosecution, is wholly absent from this record." 233 Kan. at 33.

Having concluded that the second element of the compulsory joinder rule was not present in the prosecution of the traffic infractions, the court in *Fisher* went on to examine the constitutional bar to prosecution in cases of former jeopardy. In the midst of this discussion, the court stated: "The courts appear to be equally divided on the question of whether a plea of nolo contendere, offered, accepted by the court, and entered on the record, bars a later prosecution for the same offense." 233 Kan. at 34. Where a nolo contendere plea is treated differently from a guilty plea, the basis for distinguishing them generally is that the former, unlike a guilty plea, "may not be used as an admission in any other action based on the same act." 233 Kan. at 34. Hence, Todd's concept of a nolo contendere plea as an admission for all purposes is inflated, and further, the court's discussion related to the constitutional bar and not to K.S.A. 21-3108(2)(a). Here, as in *Fisher*, the second element of the compulsory joinder clause is "wholly absent." The district court's expansion of the compulsory joinder clause beyond its clear meaning was error.

We hold that the provisions of K.S.A. 21-3108(2)(a) do not bar the State from prosecuting Todd for DUI, and thus the district court erred in dismissing the complaint.

The judgment is reversed, and the case is remanded to the district court for further proceedings.