NOT DESIGNATED FOR PUBLICATION

No. 124,018

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MICHAEL D. ALLISON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; KEVIN M. SMITH, judge. Opinion filed December 23, 2021. Reversed and remanded with directions.

Submitted by the parties for summary disposition pursuant to K.S.A. 2020 Supp. 21-6820(g) and (h).

Before ATCHESON, P.J., CLINE and HURST, JJ.

PER CURIAM: The Sedgwick County District Court revoked the probation of Defendant Michael D. Allison and ordered him to serve his underlying prison sentence ostensibly because he posed a threat to public safety and his welfare would not be served by continuing the probation. The hearing transcript shows the district court plainly failed to make those findings with the required statutory particularity—an error of law and, therefore, an abuse of discretion. So we reverse the revocation and remand to the district court for further proceedings, presumably including a hearing at which the district court can endeavor to make the necessary findings to support its decision.

1

Allison pleaded guilty to one count of aggravated battery, a felony, and one count of misdemeanor criminal damage to property in September 2017 arising from a criminal incident on December 16, 2016. The district court designated the convictions as domestic violence offenses. The district court later sentenced Allison to 29 months in prison on the felony conviction and 6 months in jail on the misdemeanor, to be served consecutively, and placed him on probation for 24 months consistent with the presumptive punishment under the sentencing guidelines.

The record establishes Allison did not fare well on probation. With some regularity, he failed to report to his probation officer as required, tested positive for alcohol or illegal drugs, and completed neither substance abuse counseling nor a program for perpetrators of domestic violence. Allison was sanctioned for those violations, including serving jail time, and had his probation extended.

In November 2019, Allison's probation officer requested and received another warrant because in the preceding two weeks Allison had tested positive for methamphetamine and twice failed to report as directed, a set of violations consistent with his noncompliance over the course of the probation. The district court held a hearing on those violations in May 2021—the reason for the delay isn't immediately apparent from the record and is of no legal significance to this appeal. Through his lawyer, Allison admitted the violations.

Given that admission, the prosecutor submitted the district court should revoke Allison's probation and send him to prison, echoing the recommendation of the probation officer. The prosecutor cited K.S.A. 2016 Supp. 22-3716(c)(9) permitting revocation and incarceration without intermediate sanctions upon a finding set forth "with particularity . . . that the safety of members of the public will be jeopardized or that the welfare of the

2

offender will not be served by such sanction." The prosecutor alternatively asked that the district court impose a 180-day prison sanction if Allison were continued on probation. Through his lawyer, Allison sought continuation of his probation with a 180-day prison sanction. The lawyer argued Allison suffered from untreated blackouts that contributed to the recurrent violations. The lawyer did not discuss specifically how the blackouts impaired Allision, and nobody presented any evidence about them.

At the conclusion of the hearing, the district court briefly noted the dates of the earlier violations and the sanctions imposed and then told Allison, "I don't think it's appropriate . . . for me to go through a bunch of hoops to deal with a case that's from 2017 when you haven't done what you need to do." The district court then referred to Allison's blackouts as "an issue that—that is potentially placing yourself and others in harm" and stated:

> "So based on that I do find that it is not in your welfare to extend your probation further and to continue your probation, and I also find that it's not in the community's best interests given the potential danger you place others in by your behavior. Because of that I'm going to order that your probation be revoked and I am imposing the underlying prison sentence in this case."

When the district court made no additional findings, the prosecutor suggested that Allison "had been on probation for a long time" and failed to "tak[e] advantage of the programs" offered to him, "so placing him back on probation would no longer be in his best interest." The district court agreed it was making that finding. Before closing the hearing, the district court ordered that Allison serve his sentences concurrently. Allison has appealed.

The lawyer appointed to represent Allison on appeal filed a motion for summary disposition of the case under Supreme Court Rule 7.041A (2021 Kan. S. Ct. R. 48). The State did not oppose the motion, and we granted the request.

In the motion, Allison's lawyer "concedes the district court properly invoked the offender-welfare/public-safety exception to . . . revoke [Allison's] probation" under the governing statute. The lawyer further states he could not "find any legal or factual error in with the district court's decision." The motion suggests that under the circumstances, the district court abused its discretion in not continuing Allison's probation with some sort of intermediate sanction short of revocation and incarceration for the full prison term. In other words, the motion asserts no reasonable district court would have revoked the probation, an abuse of judicial discretion. See *State v. Darrah*, 309 Kan. 1222, 1227, 442 P.3d 1049 (2019) (district court abuses judicial discretion by ruling in a way no reasonable judicial officer would under the circumstances, if it ignores controlling facts or relies on unproven factual representations, or if it acts outside the legal framework appropriate to the issue).

Upon reviewing the record, we considered the district court's findings as likely legally deficient to support the "particularity" requirement for revoking probation under K.S.A. 2016 Supp. 22-3716(c)(9) and, thus, Allison's concession to be doubtful. In *State v. McFeeters*, 52 Kan. App. 2d 45, 48-49, 362 P.3d 603 (2015), the court construed the same "particularity" requirement in K.S.A. 2014 Supp. 22-3716(c)(9) as calling for findings that are "'distinct rather than general'" and provide an "'exactitude of detail,'" (quoting *State v. Huskey*, 17 Kan. App. 2d 237, Syl. ¶ 2, 834 P.2d 1371 [1992]). Implicit findings are insufficient, meaning the district court must "explicitly address" how the defendant has jeopardized public safety or undermined his or her own welfare such that

probation would no longer be preferable to incarceration for the original prison term. 52 Kan. App. 2d at 48-49.

We have recognized that general references to a defendant's criminal history or poor performance on probation do not supply a particularized explanation of how the public safety may be threatened or the offender's welfare impaired. See *State v. Kemp*, No. 122,733, 2021 WL 3439213, at *2 (Kan. App. 2021) (unpublished opinion) ("A district court's conclusory remarks about the offender's unwillingness or inability to conform his or her behavior to the requirements of probation is not sufficient."); *State v. Brown*, No. 117,794, 2018 WL 4039194, at *2 (Kan. App. 2018) (unpublished opinion). Whether a district court's findings are sufficiently particularized presents a question of law over which we exercise unlimited review, since the hearing transcript conclusively establishes those findings. 2018 WL 4039194, at *2.

Despite our concerns, the parties had not joined or briefed that issue. We, therefore, could not act on those concerns as the appeal had been presented to us. But an appellate court may raise issues for its own consideration if the parties are then afforded an opportunity to address them. See *State v. Parry*, 305 Kan. 1189, 1191-92, 390 P.3d 879 (2017). We, therefore, issued an order directing the State to show cause why we should not reverse Allison's probation revocation because the district court's findings lacked the particularity sufficient to comply with K.S.A. 2016 Supp. 22-3716(c)(9). We also invited Allison, through his lawyer, to respond to the show cause order if he wished. The State duly filed a response; Allison declined our invitation and filed nothing.

In its response, the State argues that we should not reach an issue a defendant has conceded. We understand the argument to be a jurisprudential one: Although we have the authority or power to raise and consider such an issue (after affording the parties an opportunity to be heard), we would act improvidently to do so here. The State cites several cases ostensibly illustrative of that position. We find them off point.

5

The State offers three cases in which the Kansas appellate courts have recognized criminal defendants will be bound by colorable tactical decisions their lawyers make in representing them. And, in turn, those decisions should not be fodder for a later objection from the defendant in the district court or as a point on appeal. See *State v. Sappington*, 285 Kan. 158, 165, 169 P.3d 1096 (2007) (defendant may make reasoned decision to forgo defenses ostensibly supported in the evidence that are legally or factually inconsistent with a preferred defense); *State v. Busse*, 231 Kan. 108, 111-12, 642 P.2d 972 (1982) (defendant waived statutory and constitutional rights to confront witnesses against him when he deliberately withdrew from preliminary hearing on advice of counsel apparently to avoid having those witnesses identify him; preliminary hearing testimony could then be admitted at trial when one of those witnesses became unavailable); *State v. Poore*, No. 105,726, 2012 WL 1524321, at *2 (Kan. App. 2012) (unpublished opinion) (appellate court declines to consider defendant's argument that district court automatically should have instructed jury on defense supported in the evidence that would have conflicted with defense pursued at trial). That sound rule, rooted in notions of invited error and judicial estoppel, doesn't apply here. See *State v. Fleming*, 308 Kan. 689, 696-97, 423 P.3d 506 (2018) (principles of invited error); *Estate of Belden v. Brown County*, 46 Kan. App. 2d 247, 262-63, 261 P.3d 943 (2011) (principles of judicial estoppel). There appears to be no legal benefit to Allison in appealing the revocation on the grounds no reasonable district court would have refused to continue the probation and abandoning a sound argument that the district court made statutorily insufficient findings to support the revocation. Had he responded to the show cause order, Allison could have outlined any legal or practical reasons for approaching the appeal as he did and asked us to honor the decision.

In its response, the State also cites *Wood v. Milyard*, 566 U.S. 463, 132 S. Ct. 1826, 182 L. Ed. 2d 733 (2012), as counseling against the exercise of our judicial authority to consider whether the district court complied with the particularity

requirement of K.S.A. 2016 Supp. 22-3716(c)(9). We find *Wood* inapposite, as well. The United States Supreme Court held that the Tenth Circuit Court of Appeals erred in denying habeas corpus relief to Wood on the grounds he failed to file a timely petition when the government expressly disclaimed reliance on that procedural bar in the district court. 566 U.S. at 472-73. The government sought and received a favorable ruling on the merits in the district court. The circuit court affirmed by resurrecting and relying on the waived procedural defect. Although recognizing the circuit court's authority to consider an issue the government waived, the Court held the exercise of that authority amounted to an abuse of discretion under the circumstances, especially when the district court had expended the time and judicial resources to resolve the habeas corpus claim on the merits. 566 U.S. at 473-74.

The jurisprudential considerations here weigh heavily on the other side of the scale. Our resolution promotes an ultimate decision based on the merits of the statutory exception to the use of graduated sanctions typically required for probation violations—a key objective behind the Court's disposition of *Wood*. Second, remanding to the district court does not squander a substantial investment of time or judicial resources already expended to resolve the probation violation. And our determination serves to protect a fundamental due process right based on a liberty interest afforded every citizen. See *Hamdi v. Rumsfeld*, 542 U.S. 507, 529, 124 S. Ct. 2633, 159 L. Ed. 2d 578 (2004) ("[T]he most elemental of liberty interests [is] the interest in being free from physical detention by one's own government."); see also *State v. Gonzalez*, 57 Kan. App. 2d 618, 623, 457 P.3d 938 (2019) ("Probationers facing revocation and imprisonment on felony convictions indisputably have a liberty interest triggering constitutional due process protections."). Liberty, in the sense of being free of unlawful detention, is of inestimable value and cannot be restored once lost.

Given those circumstances, we can and should exercise our authority to examine what appears to be a patently erroneous legal conclusion substantially disadvantaging a

7

criminal defendant and directly resulting in a loss of liberty. We are not attempting to rescue a defendant from a tactical decision that seemed ill-conceived from its inception or proved ineffective in hindsight. Accordingly, we have no obligation to accept the mistaken legal representation made on Allison's behalf in the motion for summary disposition of this appeal. Our decision reflects a jurisprudential determination entailing the exercise of discretionary authority. We are neither obligated to act as we have nor prohibited from doing so.

We have chosen this course consistent with our view of the court's error-correcting function interlaced with a duty to avoid the improvident dissipation of a citizen's fundamental liberty interests in a criminal case. We recognize that other judges may view their discretionary role differently, as our dissenting colleague does.

CONCLUSION

Consistent with the statutory requirement for particularity in revoking a defendant's probation under K.S.A. 2016 Supp. 22-3716(c)(9) and the appellate cases elaborating on that obligation, we find that the district court failed to adequately explain the factual basis for its decision. That failure is itself an error of law. The explanation was nonspecific and seemed to rest primarily on Allison's blackouts. But the record contains no representations from the lawyers, let alone evidence, as to the cause, frequency, or duration of the blackouts or if they affect Allision in some way beyond a temporary loss of consciousness. Although the record arguably suggests Allison could pose a danger as a driver or while operating construction equipment or the like, that cannot be a justification for revoking his probation. The district court's remarks are otherwise inscrutable as to any particular reason Allison would pose a risk to the public safety or to himself if he were to remain on probation. In its response to the show cause order, the State does not offer an alternative argument that the district court's findings comported with K.S.A. 2016 Supp. 21-3716(c)(9) or the directives in *McFeeters*.

In sum, the district court's decision to revoke amounts to an abuse of judicial discretion precisely because it falls outside the governing legal framework of K.S.A. 2016 Supp. 21-3716.

We offer no opinion about the sufficiency of the record to support revocation and say only that the district court failed to make particularized findings necessary to revoke based on public safety or offender welfare. Because we are reversing for insufficient findings, we similarly do not consider Allison's argument that the district court otherwise abused its discretion in declining to continue him on probation.

We reverse Allison's probation revocation and remand to the district court for further proceedings consistent with this opinion.

\* \* \*

CLINE, J., dissenting: This court has so often held that issues not raised or briefed are abandoned that no citation to legal authority is necessary. I see no reason to treat issues which are specifically conceded any differently. Michael D. Allison conceded that the district court properly invoked the offender-welfare/public-safety exception to instantly revoke his probation and affirmatively stated he could find no legal or factual error with the district court's decision.

If we mean what we say, we should affirm.

9